May Term, 1850.

THE STATE
v.
WILLIAMS.

---

THE STATE for the use of WILSON *v.* WILLIAMS.

To give a surety the benefit of the statute of 1839, relative to the stay of execution, &c., the judgment and execution must show that he was a surety.

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—Debt on a sheriff's bond. There are two breaches assigned. The first is, that *J. H. B. Nowland* and *Elizabeth Nowland,* being indebted to *Montellius* and *Fuller,* procured *Wilson* to be their surety for the debt; that, accordingly, the *Nowlands* and *Wilson* gave their note to *Montellius* and *Fuller* for the amount of said debt; that the payees recovered judgment on the note against the makers; a *fieri facias* issued on the judgment and was delivered to the sheriff, which execution was indorsed as being repleviable; that the judgment was rendered upon a cause of action in which *Wilson* was surety for the *Nowlands,* which was known to the sheriff; that *Wilson* gave notice to the sheriff not to take replevin-bail, unless the bail would undertake specially to pay the judgment in case it could not be made off the *Nowlands,* the principal debtors; that one of the *Nowlands* had property out of which the sheriff could have made the debt; that the sheriff disregarded said notice, and took replevin-bail without requiring from him such special undertaking as above mentioned; that execution had since issued against the judgment-debtors and the replevin-bail; and that *Wilson* has been compelled to satisfy the execution.

Wednesday,
*August 21.*

May Term,
1850.

The second breach presents the same question that the first does.

General demurrer to the declaration, and judgment for the defendant.

The question to be determined is, whether the sheriff violated his duty by taking the replevin-bail without said special undertaking?

The statute is as follows: "When, hereafter, any Circuit Court shall render judgment against two or more, upon any cause of action in which any of the judgment-debtors are security for any other of such defendants, there shall be no stay of execution on such judgment, if the said security or securities object thereto, unless the said security for the stay of execution will undertake specially to pay the same, in case it cannot be made off the principal debtor or debtors." Stat. 1839, p. 37.

To give the surety the benefit of this enactment, the judgment and execution should show that he was a surety. The circumstance that the statute gives a surety the right mentioned in the declaration is, of itself, sufficient to authorize the Court that tries the cause to have the question determined, upon the application of one of the defendants, whether such defendant is a surety or not.

It does not appear, by either of the breaches assigned, that the judgment and execution showed that *Wilson* was a surety; and the declaration is therefore defective.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*O. H. Smith, H. Brown,* and *A. G. Porter,* for the plaintiff.

*W. Quarles* and *L. Barbour,* for the defendant.