*S. F. & D. H. Maxwell*, for the appellant.

---

## DOUGHERTY *v.* RICHARDSON *et al.*

EQUITABLE ESTOPPEL.—In 1855 *A* recovered a judgment against *B* and *C*, who are both principals in the judgment. The judgment is then assigned to *D*. *A* afterwards sold all of his real estate for its full value, and by subsequent sales, a part of it became the prop-

erty of the appellant, for its full value. The judgment became a lien on ample property of *C* to secure its payment. But *D* seeks, by levy and sale of the property thus held by the appellant, to make the balance due on said judgment, and the appellant, making *B, C* and *D* parties, seeks to enjoin *D* from so doing. *C* answers, that although he is a principal in said judgment, yet in fact, he is but a surety for *B*, in the cause of action upon which said judgment was rendered, and that all the property of *B*, subject to the lien of said judgment, should be exhausted before any of his is taken. The appellant at the time he bought, had no notice that *C* was only a surety for *B* in said judgment or cause of action.

*Held*, That, under the circumstances, *C* is equitably estopped, as against the appellant, to aver that he was only a surety for *B*, or that he is not a principal in said judgment.

APPEAL from the *Floyd* Circuit Court.

HANNA, J.—On the 3d of *November*, 1855, one *Speake* recovered a judgment in said Court, against *Crawford & Sinex*, which was assigned to *Richardson*. On the 6th of *December*, 1855, said *Crawford* sold a part of his real estate for its full value, and the same has eventually, for its full value, passed into the hands of *Dougherty*.

In *November*, 1856, and at several times since, writs of *fi. fa.* and *vendi*, have been issued from the clerk's office of said Court, in favor of said *Richardson*, and in each instance recited that the same were issued on a judgment recovered by *Speake*, against *Crawford & Sinex*, on the 3d day of *November*, 1856.

The property of said *Crawford*, levied upon and described in said writs of *vendi*, was sold on the same, and bought by said *Richardson* for 25 dollars. It is averred it is worth 2500 dollars.

Upon a *fi. fa.* with like recitals of those that preceded it, the property of *Dougherty*, above referred to, was levied upon.

These facts are averred in the complaint. It is also charged

that *Sinex* has property, real and personal, subject to execution, more than sufficient to satisfy said claim, and that *Crawford* and others, grantors that intervene between him and the said *Dougherty*, are insolvent.

*Crawford*, &c., answered, admitting the truth of the complaint.

*Sinex* answered setting up that he was surety only in the original note, upon which the judgment was rendered, and asking the Court to so find.

To this latter answer *Dougherty* demurred, which was sustained.

*Richardson* demurred to the complaint, which was also sustained, and the relief asked, namely, an injunction, was refused.

*Dougherty* appeals to this Court, and complains in his assignment of errors that the ruling on the demurrer to his complaint was erroneous.

*Sinex* assigns a cross error upon the ruling on the demurrer to his answer.

Thus, the real question presented as between *Dougherty*, *Richardson* and *Sinex*, so far as the latter's interest was involved, was, whether under these circumstances, the property of *Sinex* should have been resorted to in satisfaction of said judgment before that which was aliened by his co-defendant, *Crawford*, for a valuable consideration.

So far as the record discloses, there was nothing showing the vendee of *Crawford*, or any other stranger, but that *Sinex* was not only equally bound, as a co-defendant of record, but equally liable to pay the said judgment. It has been held that, where the judgment is joint, those against whom it is rendered should be regarded as principals. *Laval* v. *Rowley*, 17 Ind. 36.

Viewing it in this light, we can see nothing by which the vendees of *Crawford* or those claiming under him, could have

had any notice of the relative rights of *Crawford & Sinex*, as between themselves. They were not in a position to be put upon inquiry on that point, because, as *Sinex* had taken no steps to have himself declared a surety only, on the record, he was to be regarded as a principal; that is, such was the legal presumption.

The vendees of *Crawford*, having acquired title and expended money on the faith of that presumption, the next inquiry is, can their rights be affected by any effort which might be afterwards made by *Sinex*, that, as between himself and *Crawford*, would compel the exhaustion of the property of the latter before that of the former was resorted to?

There are principles of equity that, it appears to us, should forbid this. By standing by and suffering himself to be regarded as a principal debtor, *Sinex* enabled *Crawford* to obtain credit with the person to whom he sold his land; that is looking to the small amount of the lien and the large amount of property in the hands of the joint judgment debtors, said vendee paid the full value of the property purchased. If either *Sinex* or these vendees, should now suffer, it should be the former, because he thus enabled *Crawford* to obtain the money of the latter.

The land, that thus passed into the hands of the vendees of *Crawford*, may be regarded as a fund from which this debt might be ultimately paid, and said vendees, as, in one sense, innocent holders thereof, for that use. It is a security for the payment of the debt. If *Sinex* is to be regarded as a surety, he can not be so regarded in a light of innocency, that is, as having acted in good faith, towards those who were vesting their money. He has, it appears to us, so acted as to divest himself of the privilege of insisting upon his position as a surety as against, and in contravention of, the equitable rights that have supervened in favor of the alienees of said *Crawford*. Whether these equitable rights extend to the

whole or only an equal part of said claim, we have not particularly inquired; but we are clear that he is not in a position to claim any rights of a surety as against *Dougherty.*

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Thomas L. Smith* and *M. C. Kerr*, for the appellant.

*Randall Crawford* and *Henry Crawford*, for *Mary Ann Richardson*. *James Collins* and *Alfred B. Collins*, for *Thomas Sinex*.