Rich *et al. v.* Dessar.

---

## RICH ET AL. *v.* DESSAR.

50 309
143 356

INJUNCTION.—*Pleading.*—*Verification of Complaint.*—A complaint for a perpetual injunction, in which no restraining order or temporary injunction is sought, need not be verified by affidavit.

SAME.—*Release of Errors.*—In an action to enjoin the collection of a judgment, a release of errors in such judgment need not in any case be stated in the complaint, and need not be indorsed upon the complaint unless it be so required by the judge or court.

SUPREME COURT.—*Assignment of Error.*—*Sufficiency of Complaint.*—Where,

on appeal to the Supreme Court, the assignment of error is, that the complaint does not state facts sufficient to constitute a cause of action, if there be one good paragraph of the complaint, the assignment of error will be disallowed.

SAME.—*Objection to Evidence.*—To present any question to the Supreme Court. in reference to the admission of evidence, there must have been an objection to such evidence made in the court below, and the ground of objection must have been there stated.

CONTRACT.—*Evidence.*—A., one of several defendants in a judgment, surety for the others, having paid the costs and attorney's fees, deposited with the judgment plaintiff, a bank, the check of B. for the amount of the judgment, and took from the bank a certificate of deposit for such amount, "payable to the order of himself on the return of this certificate," and the bank afterward assigned the judgment to C., not a party, upon his payment of the amount thereof to the bank, and A. afterward surrendered said certificate and had the amount thereof credited to B. by the bank.

*Held,* that an action would not lie on behalf of A. to enjoin the collection of the judgment for C., upon the ground that, by a parol contemporaneous agreement between the bank and A., such deposit was to be regarded as a payment of the judgment by A. and was to constitute him the equitable owner thereof, and that the bank would hold the judgment for him and collect the money from the other defendants, and that the certificate should be regarded as a receipt, the amount thereof to be returned to A. upon payment by the other defendants.

From the Marion Superior Court.

*I. B. Morris,* for appellants.

*J. T. Dye* and *A. C. Harris,* for appellee.

DOWNEY, J.—Action by the appellee against the appellants, to enjoin the collection of a judgment. The complaint is in two paragraphs.

The judgment was rendered on the 10th day of November, 1871, in the superior court, in favor of the Merchants' National Bank of Indianapolis, against Daniel C. Rich, Abijah Rich, Harvey Rich, Reuben D. Rich, and Dessar, the appellee, on a promissory note made by the Riches to Dessar, who, as alleged in the first paragraph of the complaint, was only an indorser and surety of said Abijah, Daniel, and Harvey Rich.

It is also alleged in the said first paragraph of the complaint, that, after the rendition of the judgment, Dessar, surety as aforesaid, paid to and deposited with the bank the amount of

the judgment, with the special understanding and agreement by and between Dessar and the bank that Dessar should and did thereby become the equitable owner of the judgment, and that the same should be collected of and from the said principal debtors in said judgment, Daniel C., Harvey, and Abijah Rich, in the name of the bank, by and for the use of said Dessar; that afterward, on the 25th day of June, 1872, the cashier of the bank, without the authority, consent, or knowledge of Dessar, made an assignment of the judgment to the defendant William C. Rich, who has since caused an execution to issue thereon against the plaintiff to the defendant Ruckle, sheriff, etc., who is about to levy the same on the property of the plaintiff; that said William C. Rich took and held no greater right than said assignment, and holds the judgment subject to the equities of the plaintiff. Prayer, for injunction, and that the judgment be decreed satisfied.

The second paragraph of the complaint differs from the first in alleging the payment of the judgment to the bank, and that the same, as to the plaintiff, thereby became satisfied and extinguished. It contains the same prayer for relief.

The defendants answered:

1. A general denial; and,

2. That at the December term, 1872, of the superior court, the plaintiff impleaded the defendants in a civil action, on the same identical causes of action in the complaint mentioned, and such proceedings were had, that in December, 1872, the defendants, by the consideration and judgment of said court, recovered in said action judgment on the same identical causes of action in the complaint mentioned, with his costs, as by the record, etc., will appear, which judgment is in full force, etc.

After demurring unsuccessfully, the plaintiff replied to the second paragraph of the answer, that, in the action referred to, it was solemnly agreed and understood by and between the plaintiff and defendants, in open court, as appears by the record in said cause, that the question of the equitable ownership of the judgment by Dessar, on account of the payment to the bank, was not raised in said cause, and, on the agreement

and the plaintiff's understanding thereof, no evidence was introduced by him in said action touching the equitable ownership of the said judgment, etc., and the question of the equitable ownership of the judgment was not passed upon or decided in said action ; wherefore the defendants are estopped to set up the alleged former adjudication, etc.

The issues were, by agreement, tried by the court at the March term, 1873, and there was a finding and judgment for the plaintiff at the April term, 1873.

A motion for a new trial was made and overruled at the same term, and twenty days were given in which to file a bill of exceptions, and the same was filed on the 7th day of May, 1873.

The grounds stated for a new trial were the following :

1. Admitting in evidence the bill of exceptions in the former action as part of the record of former recovery, over the defendants' objection.

2. The finding of the court is not sustained by sufficient evidence.

3. The finding is contrary to law.

4. Overruling the demurrer to the complaint.

5. Granting the injunction prayed for by the plaintiff.

In the general term, two errors may, by liberality, be regarded as having been properly assigned :

1. That the complaint did not state facts sufficient to constitute a cause of action ; and,

2. Overruling the motion of the defendant for a new trial.

Upon consideration of these alleged errors in the general term, the judgment in special term was affirmed.

In this court, it is alleged that the superior court in general term erred in affirming the judgment of the court in special term.

The first objection to the complaint, stated in the language of the brief of counsel for the appellant, is, " The court erred in rendering judgment and granting an injunction on the complaint, because the complaint is not verified by affidavit, and hence is not sufficient under the statute." When the court is

asked to grant a restraining order or injunction during the pendency of the action, and before the final hearing, the complaint, or so much thereof as pertains to the acts or proceedings to be enjoined, must be verified by affidavits. 2 G. & H. 133, sec. 138.    But it has been held that no verification of the complaint is necessary, where no restraining order or temporary injunction is sought. *The Sand Creek, etc., Co.* v. *Robbins,* 41 Ind. 79 ; *Denny* v. *Moore,* 13 Ind. 418.

The next objection urged against the complaint is, that it does not allege a release of errors in the judgment sought to be enjoined.    The release of errors, when necessary, is required by the statute to be indorsed on the complaint.    2 G. & H. 135, sec. 145.    It is not required in any case to be stated in the complaint.    Moreover, it need not be indorsed on the complaint, unless required by the judge or court.    2 G. & H. 135, sec. 145.

It is objected that the first paragraph of the complaint does not state a payment of the judgment by the plaintiff, but only that he " paid to and deposited with the bank the amount of the judgment," etc.

The second paragraph alleges that " the plaintiff herein, Joseph B. Dessar, surety in said judgment, paid to the Merchants' National Bank the amount of said judgment, and was thereby discharged from all further obligation to said bank on said judgment, and the same was, as to this plaintiff, forever satisfied and extinguished."    This allegation, we think, sufficiently shows that the plaintiff paid the judgment.

The second paragraph of the complaint being good, the assignment of error, that the complaint does not state facts sufficient, is not sustained.    In such case, if there is one good paragraph in the complaint, although there may be another which is bad, the assignment of error in that form, like a demurrer to several paragraphs of a pleading, where one of the paragraphs is good, must be disallowed. *Waugh* v. *Waugh,* 47 Ind. 580.

The next question relates to the overruling of the motion for a new trial.    The first point made under this head is, that the

court erred in admitting as evidence the bill of exceptions in the former action between the parties. We do not find that any objection was made to the reading in evidence of the bill of exceptions, in which the ground of objection was pointed out. To present any question with reference to its admission in evidence, an objection should have been made, and the ground of objection should have been stated.

The next ground for a new trial relates to the sufficiency of the evidence.

It is alleged in the complaint, as we have seen, that the judgment was assigned by the bank to William C. Rich, on the 25th day of June, 1872. A question is made as to whether the evidence shows that Dessar had paid or become the owner of the judgment at that time. If he had not, it would seem that the assignment of the judgment by the bank would vest the ownership of it in William C. Rich. It appears from the evidence that on the 16th day of November, 1871, Joseph B. Dessar, the appellee, went to the bank with a check from Dessar Bros. & Co. for one thousand and sixteen dollars and sixty-seven cents, and received for it, of the same date, a certificate of deposit for the same amount, the bank making no entry of the transaction on its books, in any account with Dessar, but making an entry showing the liability of the bank on account of the certificate of deposit. He also paid the costs and attorneys' fees. The matter stood thus until June 28th, 1872, when the bank received the amount of the judgment from William C. Rich, appellant, and assigned the judgment to him. The bank, on the next day, placed the same amount to the credit of Dessar Bros. & Co., and Dessar surrendered the certificate of deposit to the bank. The certificate of deposit, which was given to Dessar when he handed in the check of Dessar Bros. & Co., is as follows:

"CERTIFICATE OF DEPOSIT.

$1016.67      " MERCHANTS' NATIONAL BANK, }
             " INDIANAPOLIS, November 16th, 1871. }

" Joseph B. Dessar has deposited in this bank one thousand

and sixteen and sixty-seven hundredths dollars, payable to the order of himself on the return of this certificate.

"FREDERICK BAGGS, Cashier.

"No. 1104.    In current funds."

Dessar testified, in his original examination, as follows:

"The only arrangement I made with Mr. Baggs, I told him this was money for the judgment, and told him to hold the judgment and collect the money of the principals for me."

Mr. Baggs testified as follows on that point:

"Mr. Dessar said the judgment could remain just as it had been, and when the money was paid we could then pay the money back to him."

On being recalled, Dessar testified on the point as follows:

"Well, my agreement was, that the certificate of deposit should pay my indebtedness to the bank.   I was to hold the certificate in order to show that the proceeds of the judgment were coming to me."

We are of the opinion that the evidence fails to show a payment or purchase of the judgment by Dessar. The case which he makes and relies upon does not appeal strongly in his favor. The judgment was not collected of the principals, as was contemplated in the arrangement between him and Baggs. On the contrary, the judgment was sold and assigned by the bank, and the money thus obtained with which the debt to the bank was finally paid.   We do not see with what justice Dessar can claim that the judgment was paid, and yet have the full benefit of the money paid by the assignee of the judgment as the price for it to the bank.   The assignment of the judgment by the bank to William C. Rich is wholly at variance with the theory that it had been paid off and satisfied or purchased by Dessar.   The appellee's position is in contradiction of the contemporary writings which accompanied the transaction. The taking of the certificate of deposit was unusual, to say the least of it, and not at all adapted to show a payment to the bank by Dessar.   The bank gave no acquittance or discharge of the judgment.   The last statement of Dessar, that the agreement was, that the certificate of deposit should pay his indebtedness

to the bank, is in contradiction of the instrument itself. It is scarcely possible that the bank regarded the judgment as satisfied by the arrangement, while their certificate was out, which might at any time have been transferred by Dessar to some other party, and thus the bank become liable to pay the money to such other person. We rather infer from the whole evidence, that the arrangement was one made for the supposed accommodation of Dessar, to enable him to effect some arrangement which would result in his discharge, but without the intention on the part of the bank that such arrangement should operate as a discharge of the judgment, until the money had been actually received, and its outstanding certificate surrendered.

The other reasons for a new trial need not be noticed.

The judgment is reversed, with costs, and the cause remanded, with instructions to reverse the judgment at special term, and remand the cause to the special term for a new trial.

### ON PETITION FOR A REHEARING.

WORDEN, J.—This case is simply this: The Merchants' National Bank of Indianapolis had a judgment against Dessar and several persons of the name of Rich, not including the appellant William C. Rich. Dessar was surety or indorser of the note on which the judgment was rendered. After the rendition of judgment, Dessar paid the costs and attorney's fees thereon, and deposited with the bank the check of the firm of Dessar Bros. & Co., payable to his order, for the amount specified in the certificate of deposit, set out in the original opinion in this cause, and took from the bank the certificate of deposit. Afterward, William C. Rich paid to the bank the amount of the judgment, and took an assignment thereof from the bank to himself. After this, Dessar, the appellee, surrendered his certificate of deposit to the bank, and had the amount thereof credited to the firm of Dessar Bros. & Co.

There was some evidence tending to show that, at the time

Dessar deposited the check with the bank, and took the certificate of deposit, there was an understanding or agreement between Dessar and the bank that, as between them, the judgment should be regarded as paid, but that the bank should collect it of the principals for the benefit of Dessar, who was to be regarded as the equitable owner thereof, and that the certificate of deposit should be regarded as a receipt. We say there was evidence tending to show these facts, not that there was sufficient to establish them in view of the transaction as it took place.

· The application to the case of a few well established legal principles will be sufficient to dispose of it. When Dessar took from the bank the certificate of deposit, the bank became liable to him for that amount. No parol evidence of a previous or concurrent agreement or understanding was admissible to contradict or vary the legal effect of the instrument. The authorities on this point are so numerous that a citation of any is unnecessary, but we cite one which lies before us. *Lee* v. *Pile*, 37 Ind. 107.

The money represented by the check could not be applied to the payment of the judgment, because Dessar took from the bank the certificate of deposit therefor, on which the bank was liable to him or his assigns; and this liability, as we have seen, could not be avoided by parol proof of a contemporaneous understanding or agreement that such liability should not exist.

The bank being thus liable to Dessar for the amount represented by the check, there was no consideration whatever for the alleged agreement on the part of the bank, if any was made, that the judgment should be regarded as paid by Dessar, etc. Then Dessar surrendered his certificate, and had the amount credited to the firm of Dessar Bros. & Co. Thus the bank has really in that way paid the certificate of deposit, while Dessar has paid nothing on the judgment, except the costs and attorney's fees before mentioned. Dessar is in no condition to claim that the judgment, as to him, has been paid, nor is there anything in the case that legally or equitably pre-

vented the bank from assigning the judgment to William C. Rich.

The petition for a rehearing is overruled.

Buskirk, J.—The original opinion does not, in my judgment, properly express the law. Hence, I think a rehearing should be granted.

Original opinion filed November term, 1874; petition for a rehearing overruled May term, 1875.