No. 7938.

REISSNER ET AL. v. DESSAR.

REPLEVIN BAIL.—*Judgment.—Execution.—Principal and Surety.*—Where upon a judgment against several, all of whom appear as principals, a party becomes replevin bail, at the request of some of the judgment defendants, without notice that one, not making the request, is in fact surety for the others, he may, if compelled to pay the judgment, have execution against all the judgment defendants under section 1214, R. S. 1881, and the one who is in fact surety is equally liable thereto with the others.

From the Marion Superior Court.

*W. Morrow* and *N. Trusler*, for appellants.

*J. T. Dye*, for appellee.

FRANKLIN, C.—Appellants' counsel have furnished us the following history of this case, which, in the main, we find supported by the evidence:

Some time prior to November the 10th, 1871, Daniel C. Rich and others bought of Joseph B. Dessar a dairy, for about $1,000.   A note was executed for the same by Daniel C. Rich, Abijah Rich, Harvey Rich and Reuben D. Rich, and

endorsed by Dessar to the Merchants National Bank, of Indianapolis; some time afterwards, and before the note matured, the Riches sold the dairy back to Dessar, and, in consideration thereof, Dessar agreed to pay the note; the note was not paid by either of the parties, and the bank brought suit in the superior court of Marion county, where Dessar resided, against Dessar and the Riches, who resided in Wayne county, and recovered a judgment against all of the parties to the note on the 10th day of November, 1871, for the sum of $1,065.65, and costs. The judgment is silent as to the relation of the parties to each other.

On the 11th day of November, 1871, the bank caused execution to issue to the sheriff of Wayne county. On the 20th day of November, 1871, Jackson King was requested by Daniel C. Rich to become replevin bail on the execution. King was unwilling to stay the execution for the Riches, but was informed that the judgment was against Joseph B. Dessar and the Riches jointly, and that Dessar was worth from $40,-000 to $50,000. The sheriff, who took the stay, examined the execution, and found that Dessar appeared as principal, and informed King, that if Dessar was good he, King, would be in no danger. Daniel C. Rich informed King that the note on which the judgment was rendered, was given for a dairy bought of Dessar, and that they had sold the dairy back to Dessar, and he, Dessar, was to pay the note; and that Dessar was worth from $40,000 to $50,000. King told the sheriff that under the circumstances he would go replevin bail, and did so. The replevin was entered on the execution in the usual form.

On the 13th day of May, 1872, the bank caused another execution to be issued on said judgment, to the sheriff of Wayne county, which was levied upon personal property and real estate of Abijah Rich, which was advertised for sale on the 29th day of June, 1872. On the 28th day of June, 1872, the bank, for value received, assigned said judgment and interest to William C. Rich, a stranger to the judgment. The property

levied upon was sold by the sheriff, and the execution returned to the clerk of Marion county, with the proper endorsements thereon.

Afterwards, William C. Rich, the assignee of the judgment, caused execution to issue on said judgment to the sheriff of Marion county, and the sheriff of Marion county was proceeding to collect the execution off of Dessar, whereupon Dessar brought suit against the sheriff and W. G. Rich to enjoin the execution. Dessar, in that suit, alleged the same facts as in this, in regard to his being surety, and that he had deposited the money with the bank, and was the equitable owner of the judgment, etc. The superior court granted the injunction. W. C. Rich appealed to this court, and the judgment of the superior court was reversed—this court deciding that the facts stated in the complaint were not a payment of the judgment, nor did they constitute a defence for Dessar against Rich, the assignee of the judgment. *Rich* v. *Dessar*, 50 Ind. 309.

On the 23d day of February, the judgment was for value assigned to Lewis Dessar, who, on the 24th of said February, caused execution to again issue on said judgment to the sheriff of Wayne county, who proceeded to and did collect said execution off of Jackson King, the replevin bail.

On the 12th day of June, 1876, Jackson King caused execution to issue on said judgment to the sheriff of Marion county, for his benefit. Whereupon Dessar commenced this suit to enjoin the collection of said execution off of him.

The complaint contained but one paragraph; a demurrer to the complaint was overruled; issue formed by a denial; trial by court, finding for appellee; motion for a new trial overruled, rulings excepted to, and judgment for a perpetual injunction for appellee. On appeal, judgment of special term affirmed.

The error assigned in this court is that the court below, at general term, erred in affirming the judgment at special term. The errors assigned in the general term of the court below were:

1st. Overruling demurrer to complaint.

2d. Overruling motion for a new trial.

The reasons assigned for a new trial were, the finding of the court was not sustained by the evidence, and was contrary to the law and the evidence.

The complaint substantially alleges that the sheriff of Marion county was threatening to levy upon the property of the plaintiff an execution issued upon a judgment rendered November 10th, 1871, in the Marion County Superior Court, in favor of the Merchants National Bank, of Indianapolis, and against the plaintiff and Reuben D. Rich, Daniel C. Rich, Harvey J. Rich and Abijah Rich, for the sum of $1,065.65, upon a note executed by the said Riches and endorsed by the plaintiff to said bank.    That plaintiff, as endorser and surety as aforesaid, after said judgment was obtained, paid to said bank the attorneys' fees embraced in said judgment, and deposited with the judgment plaintiff the amount of the principal and interest on the judgment, with the express agreement that said bank would hold said judgment for the use and benefit of plaintiff as assignee and equitable owner thereof, and would collect the same from the principal debtors, and pay over and account for the same to plaintiff; that he took a certificate of deposit for said money, with the agreement that he should hold the certificate until the money was collected, when such certificate should be returned to said bank, and the money received on said judgment paid to said plaintiff; that the bank caused an execution to issue on the same, for the use and benefit of said plaintiff, to the sheriff of Wayne county; that King, well knowing that plaintiff was a resident of Marion county, and only surety for the said execution defendants, Riches, without the knowledge or consent and against the will of the said plaintiff, and solely at the request and for the benefit of the execution defendants, who resided in Wayne county, caused his name to be entered as replevin bail on said execution in the hands of the sheriff in said Wayne county; that said King did not become the surety of this plaintiff without his knowledge and against his

consent, upon an execution, upon which none of plaintiff's property could be taken, and which was issued for the plaintiff's sole use and benefit, but he became replevin bail and surety of the said defendants Riches, at whose instance and request he became replevin bail; and that the execution now in the hands of said sheriff, which he was threatening to levy upon plaintiff's property, was issued solely for the use and benefit of said King.

The first question that we propose to consider in relation to the sufficiency of the complaint is the effect that the arrangement between Dessar and the bank, in relation to the deposit of the money, had upon the rights of the parties. According to the former decision of this court, in the case of *Rich* v. *Dessar*, 50 Ind. 309, it had none whatever; it was not a payment of the judgment; the bank remained liable on the certificate of deposit; there was no entry upon the books of the bank or the records of the court, showing that it had any connection with the judgment; when the bank sold and assigned the judgment to W. C. Rich, June 28th, 1872, and received the money therefor, Dessar returned the certificate of deposit and received the money that the judgment had been sold for, without any pretence that the judgment had been paid. For which reasons this court reversed that case; and in this case, upon the trial of the cause, there was not a particle of testimony upon this subject. That arrangement did not release Dessar from liability on the judgment, and the idea was abandoned upon this trial, and may be considered as surplusage in the complaint, and as though no such arrangement had ever been made.

We next consider the effect of King's replevying the judgment upon the execution, whether it in any way changed Dessar's rights or liabilities in the judgment. He, as endorser, with the makers, were sued jointly on the note; he permitted, by default, a joint judgment to be taken against himself with the maker, without showing that he occupied any different relation or liability from his co-defendants in the judgment. Section

674, 2 R. S. 1876, p. 277, provides for trying the question of suretyship; sec. 675 provides for the order of the court, and the endorsement of the clerk upon the execution, to first exhaust the property of the principal. These statutory provisions are intended for the benefit of sureties, and while they may be considered as remedial and cumulative, without taking away the common law right of the parties to the judgment, yet, if the surety fails to have these steps taken, all the judgment defendants are presumed to be principals, and third parties have a right to regard them as such; and the question of suretyship can not be tried and determined by the clerk or the sheriff as ministerial officers, but they must treat all the judgment defendants as principals. *Laval* v. *Rowley*, 17 Ind. 36; *Dougherty* v. *Richardson*, 20 Ind. 412; *Harker* v. *Glidewell*, 23 Ind. 219.

The complaint in this case alleges that King, when he replevied the judgment, knew that Dessar was endorser and security on the note. And for the purpose of considering, on this branch of the case, the motion for a new trial in connection with the demurrer to the complaint, we here refer to the testimony. When King was requested by Daniel C. Rich to replevy the judgment, he hesitated to do it, and would not have done so upon the responsibility of the Riches, but, upon being informed by Daniel C. Rich that the judgment was jointly against Dessar and the Riches; that the note upon which the judgment had been rendered had been given for a dairy purchased of Dessar; but they had traded the dairy back to Dessar, and that he had agreed to pay the note, and that he was worth from $40,000 to $50,000; and, also, upon being told by the sheriff, upon an examination of the execution then in his hands, that Dessar was one of the principals in the judgment, and that if he was good there was no danger; and, upon this information, relying upon the responsibility of Dessar, he replevied the judgment. This testimony was wholly uncontradicted.

This complaint also alleges that, upon the day after the

judgment was rendered, an execution was issued thereon to the sheriff of Wayne county for the use and benefit of plaintiff. Of course, this was done at request of plaintiff. Now, if he was only surety in the judgment, and had any objections to its being stayed or replevied, sec. 430 of the code, 2 R. S. 1876, p. 205, furnished him ample means for making his objections known; and, under it, it was his duty to have the record show that he was surety, and that he objected to any stay of execution thereon. *State* v. *Williams,* 2 Ind. 175; *Laidla* v. *Loveless,* 40 Ind. 211; *Hogshead* v. *Williams,* 55 Ind. 145. If he failed to do this, and caused the execution to be sent there, without any notice that he was surety, or that he had any objections to the judgment being replevied, he thereby tacitly authorized the other judgment defendants, in Wayne county, to procure the same to be replevied, as they lawfully might under the statute, and the replevin bail had a right to consider him as a principal in the judgment. But whether King, at the time he replevied the judgment, did or did not know that Dessar was surety, it is very certain that, by his replevying it, he did not release Dessar from his liability to pay it. The decision of this court in the former injunction case, *Rich* v. *Dessar, supra,* settled the question that W. C. Rich, as assignee and owner of the judgment, had a right to collect the judgment off of Dessar, notwithstanding King had replevied it. And when W. C. Rich, on the 23d day of February, 1876, sold and assigned said judgment to Lewis Dessar, he had the same rights which W. C. Rich had before. And if the money could not be collected from any of the original judgment defendants in Wayne county, when he caused execution to be issued on the 12th day of June, 1876, it was his duty to have directed it to be issued to the sheriff of Marion county, where Joseph B. Dessar resided, and exhaust his property before going upon the replevin bail. Sec. 428, 2 R. S. 1876, p. 203. And it is but fair to presume that the sending of it to Wayne county, directed to the sheriff of that county, was under the direction or in the interest of Joseph B. Dessar. And when

the execution was levied upon King's property, and he paid it off, it would hardly be just for Dessar to claim that it was a voluntary payment made by a stranger.

We next consider the effect of the payment. A recognizance of bail has the effect of a judgment confessed. Sec. 427 of the code. Section 676 ·of the code provides that when any defendant surety in a judgment, or replevin bail, has been or shall be compelled to pay any judgment, the judgment shall not be discharged by such payment, but shall remain in force for the use of the bail or surety, and may be prosecuted to execution for his use. It will be borne in mind that, if he has been compelled to pay, the payment is not a voluntary act by a stranger. Upon the right, on payment, to have execution for the payor's use, ordinary sureties do not always stand on the same ground as replevin bail; in order to entitle the surety to have execution, before payment, he must have had the question of suretyship judicially determined in his favor; not so with replevin bail, "because the contract of such bail, on its face, always shows that the party is bound, alone, in the character of a surety." *Laval* v. *Rowley,* 17 Ind. 36, on p. 40. King, as replevin bail, by paying the execution, to prevent the sale and sacrifice of his property, did not thereby discharge the judgment, or release Dessar from his liability to pay the same; such a payment was compulsory, and not voluntary. And he had a right to have a new execution issued upon the judgment for his use; and, in the event that nothing could be made from either of the other judgment defendants, he had a right to have the same collected.from Dessar. Counsel have kindly furnished us, in their briefs, with copies of the able and learned opinions of the superior court judges. A majority of that court appears to have decided the case upon the theory that the payment by King was a voluntary payment by a stranger, and that he had no right to collect the same from Dessar.

The right to replevy a judgment and stay the execution did not exist at common law, and is purely a creature of the stat-

Reissner *et al. v.* Dessar.

utc, and is to be controlled entirely by the statutes of the State. The common law authorities, and the decisions of the courts of other States, upon the rights of sureties, so far as they come in conflict with the provisions of our statutes, are not applicable to this case. This is not a suit by King to collect money paid for the use and benefit of Dessar, but it is a suit to enforce a statutory remedy to compel Dessar, by execution, to pay a judgment against him and others, which has never been discharged, and for the payment of which he is still liable. King does not come into this case as a volunteer stranger; he is replevin bail, a party to the record, has been compelled to pay the money, and our statute gives him a right to have this execution. We have, therefore, omitted citing the many authorities referred to upon the subject of voluntary payments, and the common law rights of sureties. All sureties voluntarily become such, but when compelled to pay they have their remedies against their principals.

When King replevied the judgment, he did so for the use and benefit of all the judgment defendants, and when he paid the amount to the execution plaintiff, it was a compulsory payment, and he had a right to his statutory remedy of a new execution against each and all of the judgment defendants.

We can not agree with the opinion of a majority of the court below.

The allegations in the complaint, that King knew that Dessar was surety, and that he had replevied the judgment for the sole use and benefit of the Riches, render it doubtful whether the demurrer to the complaint should have been sustained, and we do not decide that question. But we think it certain that the evidence does not prove the allegations of the complaint; it is not a question of contradiction or weight of evidence, but a failure of evidence. We therefore conclude that the finding of the court was not sustained by sufficient evidence, and was contrary to law. A new trial should have been granted.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is hereby in all

things reversed, at the costs of appellee, and the cause remanded, with instructions to reverse the judgment at general term, and remand the cause to the special term for a new trial.

ELLIOTT, J., was absent.

Opinion filed at May Term, 1881.
Petition for a rehearing overruled at November Term, 1881.