No. 11,607.

## DESSAR v. KING ET AL.

REPLEVIN BAIL.—*Remedy of, Against Judgment Defendants.*—*Execution.*—*Principal and Surety.*—Where the replevin bail has been compelled to pay the judgment, he may have execution thereon against all the judgment defendants, and may enforce the collection thereof against one who is surety of the other defendants in the judgment, though he may have known of such suretyship at the time he became replevin bail, unless it appear that the surety objected to any stay of execution thereon at the time judgment was rendered.

From the Marion Superior Court.

*J. T. Dye*, for appellant.

*W. Morrow, R. N. Lamb* and *A. L. Mason*, for appellees.

HOWK, J.—By a proper assignment of error here, appellant Dessar, the plaintiff below, has brought before this court the errors assigned by appellees in the general term of the court below. Among these latter errors was the following :

"*Second.* The court at special term erred in its conclusions of law upon the facts found by the court."

Upon this error alone the general term reversed the judgment of the court at special term, and remanded the cause, with instructions to the special term to render judgment upon the facts found in favor of appellees, the defendants below. From the judgment of the general term appellant prosecutes this appeal, and presents for our decision this single question : Did the court at special term err in its conclusions of law upon its special finding of facts ?

The facts specially found by the court at special term were substantially as follows :

"*First.* On the 10th day of November, 1871, the Merchants National Bank of Indianapolis recovered judgment in the superior court of Marion county against Reuben D. Rich, Daniel C. Rich, Abijah Rich and the plaintiff, Joseph B. Dessar, for the sum of $1,065.65, and costs.

"*Second.* The note upon which said judgment was obtained

was given in consideration of the sale of a dairy from Joseph B. Dessar to Daniel C. Rich. Dessar was payee of the note and endorsed the same to the bank, and stood in the relation of an endorser and surety on said note. Afterwards, after the stock of the dairy had been partially changed or consumed, Rich sold the dairy back to Dessar, but it was agreed at the time of such resale, that Rich should pay said note, which was then held by the bank; and after such resale Rich did renew the note by executing his own note to the bank, without the endorsement of Dessar, the latter having refused to endorse the same. The bank did not surrender the original note upon which Dessar was surety, but afterwards brought suit upon the same and obtained judgment, as above stated.

"*Third.* The question of suretyship was not tried in the suit of the bank against Rich and Dessar, and the judgment does not disclose the relation of the parties between themselves.

"*Fourth.* Dessar lived in Marion county and owned no property in Wayne county. Rich lived in Wayne county and owned property there, out of which the execution, or a part thereof, could have been made. Execution was issued to the sheriff of Wayne county, who was proceeding to make the money from the estate of Rich, when the latter procured King to become replevin bail, solely at the request of Rich and for the benefit and convenience of Rich, and without the consent or knowledge of Dessar.

"*Fifth.* King, at the time of becoming replevin bail for Rich, knew that Dessar lived in Marion county, and that he had no property subject to execution in Wayne county, and knew that the sheriff was about to levy the execution upon the property of Rich in Wayne county, and stayed the execution in order to prevent such levy upon the property of Rich. He also knew that the note, upon which the judgment was recovered, was given by Rich to Dessar, in consideration of the sale of a dairy by Dessar to Rich, and that

Dessar had endorsed the note and stood in the relation of en-dorser and surety on said note to the Merchants National Bank, and that the bank had brought suit and obtained judgment upon the same. He made no inquiries of Dessar, or of any one authorized to act for Dessar, and did not under-stand that he was becoming replevin bail at the request or instance, or with the consent or knowledge, or for the benefit of Dessar, but solely at the instance and for the protection of Rich.

"*Sixth*. At the expiration of the stay, Rich had disposed of his property, so that the judgment could not be made out of the same. King afterwards paid the judgment under an execution issued to the sheriff of Wayne county, and now has caused a new execution to be issued, for his benefit, to the sheriff of Marion county, which he seeks to levy upon the property of Joseph B. Dessar."

Upon the foregoing facts the court stated the following conclusions of law:

" 1. King being chargeable with notice of the fact that Dessar was surety for Rich, and having stayed the judgment solely at the request and for the benefit of Rich, and with-out the knowledge or consent of Dessar, and having thus enabled Rich, the principal debtor, to gain an extension of time and defeat the collection of the judgment against him, he, King, has no right to enforce the collection of said judg-ment of Dessar.

" 2. Dessar being only surety of Rich, King, by staying the judgment at the request and for the benefit of the princi-pal, Rich, without the knowledge or consent of Dessar, acquired no rights as surety of Dessar."

The fundamental question for decision, in this case, may be thus stated: Did the trial court err in its conclusions of law upon the foregoing facts found by the court? The gen-eral term of the court below answered this question in the affirmative, and reversed the judgment at special term, ren-dered upon and in accordance with such conclusions of law.

This case is now before this court for the second time. On the former appeal, the opinion and decision of this court are reported under the title of *Reissner* v. *Dessar*, 80 Ind. 307. It was there held, that when the replevin bail has been compelled to pay the judgment, he may have execution thereon against all the judgment defendants, and may enforce the collection thereof against one who is surety of the other defendants in the judgment, though he may have known of such suretyship at the time he became replevin bail, unless it appear that the surety objected, at the time the judgment was rendered, to any stay of execution thereon. The court there said: "Now, if he was only surety in the judgment, and had any objections to its being stayed or replevied, section 430 of the code, 2 R. S. 1876, p. 205," (section 700, R. S. 1881,) " furnished him ample means for making his objections known ; and, under it, it was his duty to have the record show that he was surety, and that he objected to any stay of execution thereon. *State* v. *Williams*, 2 Ind. 175; *Laidla* v. *Loveless*, 40 Ind. 211 ; *Hogshead* v. *Williams*, 55 Ind. 145. If he failed to do this, and caused the execution to be sent there," (to Wayne county,) " without any notice that he was surety, or that he had any objections to the judgment being replevied, he thereby tacitly authorized the other judgment defendants, in Wayne county, to procure the same to be replevied, as they lawfully might under the statute, and the replevin bail had a right to consider him [Dessar] as a principal in the judgment. But whether King, at the time he replevied the judgment, did or did not know that Dessar was surety, it is very certain that, by his replevying it, he did not release Dessar from his liability to pay it. * * When King replevied the judgment, he did so for the use and benefit of all the judgment defendants, and when he paid the amount to the execution plaintiff, it was a compulsory payment, and he had a right to his statutory remedy of a new execution against each and all of the judgment defendants." Section 1214, R. S. 1881.

We have quoted more liberally from our opinion on the former appeal, than we would have found it necessary to do, if the syllabus of the case had fairly indicated the points decided therein. What we have quoted from that opinion, we think, contains a fair statement of the law applicable to the question under consideration, and certainly it states the law governing this case. It will be observed, that the court at special term failed to find, as facts, that at the time the bank recovered its judgment, or at any other time prior to King's becoming replevin bail, Dessar had caused the question of his suretyship to be tried and determined, or that he had objected, at the time of the rendition of such judgment, to any stay of execution thereon. In the absence and for the want of these facts in the special finding of facts, the trial court clearly erred, we think, in its conclusions of law.

It follows of necessity, as it seems to us, that the general term of the court below did not err in reversing the judgment at special term, and remanding the cause with instructions to render judgment, upon the facts specially found, in favor of appellees, the defendants below. Whether the general term erred in reversing the judgment of the court at special term, for error in its conclusions of law upon the facts found, is the only question which the appellant has presented, or could present, for decision here by his appeal to this court. What we decide is, that the general term did not err in reversing the judgment of the court at special term.

The judgment of the general term is affirmed, with costs.

ELLIOTT, C. J., took no part in the decision of this cause.

Filed Feb. 25, 1887.