SHEPHERD et al. v. MOTT.  (No. 7857.)

(Court of Civil Appeals of Texas. Ft. Worth.
Feb. 14, 1914. Rehearing Denied
March 14, 1914.)

1. BILLS AND NOTES (§ 245*)—RIGHTS OF IN-
DORSER AGAINST MAKER — "PRINCIPAL" —
"SURETY."

S. was surety on a note upon which judg-
ment was recovered. He and the principal
debtor executed a new note for borrowed money
with which to pay the judgment under an agree-
ment that the principal debtor would procure
K.'s signature as a cosurety and give K. se-
curity for its payment. This agreement was
not known to K. and no security was given
him. The note when presented to K. by the
principal debtor was signed by the debtor and
S., and K. refused to sign it but agreed to and
did indorse it on the back, stating that he would
become responsible only as indorser. *Held*, that
as between themselves K. was a surety for S.
and entitled to judgment over against him for
the amount of the judgment recovered by the
payee against K., since, whatever their apparent
relation to the paper, the one who receives the
benefit of the execution of the note is the prin-
cipal, and the one who receives no benefit, but
simply signs it as an accommodation for the
other, is the surety.

[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 558, 559; Dec. Dig. §
245.*]

2. EVIDENCE (§ 423*) — PAROL EVIDENCE —
BILLS AND NOTES—RELATION OF PARTIES.

Whatever the apparent relation of parties
to a note, their true relation as between them-
selves may be shown by parol evidence.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 1957–1965; Dec. Dig. § 423.*]

Appeal from Taylor County Court; T. A.
Bledsoe, Judge.

Action by W. N. Mott against J. N. Shep-
herd and others. Judgment for plaintiff and
for the defendant E. N. Kirby against the
defendant Shepherd, and Shepherd appeals.
Affirmed.

J. M. Wagstaff, of Abilene, for appellant.
Scarborough & Hickman, of Abilene, for ap-
pellee.

SPEER, J. W. N. Mott recovered judg-
ment against J. N. Shepherd and E. N. Kir-
by, and E. N. Kirby recovered judgment over
against J. N. Shepherd; the controversy aris-
ing over the liability of the respective par-
ties on a promissory note signed by A. G.
Britton and J. N. Shepherd and indorsed by
E. N. Kirby. There is no complaint of the
judgment in favor of Mott, but Shepherd
appeals as against the judgment in favor of
Kirby.

[1] The trial court, before whom the case
was tried, made the following findings of
fact, which we adopt: "(1) A. B. Britton, the
principal on the note sued on, is insolvent
and was not a necessary party to the suit.
(2) The note sued on was dated July 20, 1911,
and was signed by A. G. Britton and J. N.
Shepherd, and was payable to the plaintiff,
W. N. Mott, and was due six months after
date, was for the sum of $390, and bore in-
terest from maturity at the rate of 10 per

cent. per annum, provided for 10 per cent.
attorneys' fees in case of suit and was pay-
able to W. N. Mott, at Abilene, Tex. (3)
That said note was duly signed by A. G.
Britton and J. N. Shepherd; the name of
Shepherd appearing directly under the name
of Britton. (4) On the back of said note ap-
peared the following indorsement: 'Demand,
notice and protest waived, E. N. Kirby.'
And that said indorsement was made by the
defendant E. N. Kirby before the delivery of
said note to the plaintiff, W. N. Mott. (5) I
find that A. G. Britton was instrumental,
wholly, in procuring the loan of money from
W. N. Mott, on said note, and that the de-
fendant J. N. Shepherd had nothing to do
with the negotiations for the same with W.
N. Mott. (6) I find that the money procured
from said Mott on said note was used prin-
cipally to pay off a judgment in favor of
the Farmers' & Merchants' National Bank of
Abilene, Tex., against one W. T. Bolt, A. G.
Britton, and the defendant J. N. Shepherd,
and that said Bolt was the principal in the
note on which said judgment was obtained.
That A. G. Britton and J. N. Shepherd were
equally bound in said judgment, and same
was a 'default' judgment as to Shepherd.
(7) I find that, as between A. G. Britton and
the defendant J. N. Shepherd, the said Shep-
herd was to become surety on the note sued
on, to said Mott, and that the said Shepherd
also required the said Britton to procure the
signature of the defendant E. N. Kirby, on
said note, as a cosurety, and that the said
Britton agreed with said Shepherd that he
would give security for the payment of said
note, said security to be given to E. N. Kirby,
but such agreement and understanding be-
tween said Britton and said Shepherd was
unknown to the defendant E. N. Kirby and
no security was given him by said Britton.
(8) The total amount of the note at the time
of the trial including interest and attorneys'
fees was $448, and it was agreed in open
court by all parties that W. N. Mott should
have judgment against the said Shepherd
and Kirby jointly and severally for the
amount due thereon, but it was controverted
as to whether the said Kirby had the right
to recover judgment over against the said
Shepherd. (9) I find that A. G. Britton ap-
plied to the defendant E. N. Kirby to sign
the note herein sued on with him and the
defendant J. N. Shepherd, and that said
Kirby refused to do so. That the plaintiff,
W. N. Mott, came also with A. G. Britton to
see the defendant E. N. Kirby about signing
said note with said Britton and Shepherd,
and that said Kirby refused to sign the same,
but agreed to indorse said note provided the
same was signed by said Britton and the
defendant Shepherd and stated to said Mott
and said Britton that he would not become
responsible on said note except as 'indorser,'
and that he indorsed same with that under-
standing, after it had been signed by said

Britton and Shepherd. (10) I find that said note was brought to the office of the defendant E. N. Kirby by the plaintiff and A. G. Britton, duly signed by the defendant J. N. Shepherd and A. G. Britton, and that he then indorsed it as above stated.' (11) I find that nothing was ever said to said Shepherd by said Kirby and nothing to said Kirby by said Shepherd in reference to said note, either before or at the time of signing the same."

[2] We affirm the trial court's conclusion of law that, as between themselves, defendant in error Kirby was a surety for plaintiff in error Shepherd, and as such entitled to judgment over against him. It seems to be well settled that as between the parties, whatever their apparent relation to the paper upon which they are sought to be held liable, their true relation to themselves may be shown by parol evidence, and that the one who receives the benefit of the execution of the note is the principal, and the one who does not receive any benefit, but simply signs it as an accommodation for the other, is the surety. Stuart v. Altman, 8 Tex. Civ. App. 657, 28 S. W. 461; Dessar v. King, 110 Ind. 69, 10 N. E. 621.

The findings above quoted bring this case well within the rule announced, and the judgment is affirmed.

Affirmed.