8886. NATIONAL SURETY COMPANY OF NEW YORK v. WHITE, ordinary, for use, etc., *et al.*

1. A general rule of law is that a surety who has paid the debt of his principal is subrogated, both at law and in equity, to all the rights of the creditor. Park's Ann. Code, § 3567. An exception to this rule, however, exists where in a legal proceeding there are successive sureties. In such a case the last surety is regarded as the primary one; and if he pays the debt of his principal, he has no right of subrogation against the preceding sureties. This is true whether the dispute is between successive sureties in the legal proceeding itself, or between the surety given in the legal proceeding and the surety in the original transaction upon which the legal proceeding is based. In the latter instance the surety given in the legal proceeding is regarded as a volunteer; and where he pays the debt of his principal, he has no right of recovery over against the surety in the original cause of action, but his sole recourse is against his principal. Park's Ann. Code, § 5008; Brandt on Suretyship and Guaranty, §§ 288, 518; *Justices of the Inferior Court* v. *Selman*, 6 *Ga.* 432, 440; Schnitzel's Appeal, 49 Pa. 23; Moore v. Lassiter, 84 Tenn. 630, 633; Hartwell v. Smith, 15 Ohio St. 200, 204; Fidelity & Deposit Co. v. Bowen, 123 Iowa, 356 (98 N. W. 897, 6. L. R. A. (N. S.) 1021, note; Pott v. Nathans, 1 Watts & Serg. (Pa.) 155, 157 (37 Am. D. 456); Hinckley v. Kreitz, 58 N. Y. 583. Tennessee Hospital v. Fuqua, 69 Tenn. 608; Briggs v. Hinton, 82 Tenn. 233; McCormick's admr. v. Irwin, 35 Pa. 111, 117; 27 Am. & Eng. Enc. Law (2d ed.), 225. See also Ætna Life Ins. Co. v. Middleport, 124 U. S. 537 (8 Sup. Ct. 625, 31 L. ed. 537).

2. Under the foregoing ruling and the authorities cited, no cause of action against the National Surety Company was set out in the petition as

amended, and the court erred in overruling the general demurrer.
DECIDED DECEMBER 14, 1917.

Action on bond; from Laurens superior court—Judge Kent. May 12, 1917.

*Rosser, Slaton, Phillips & Hopkins,* for plaintiff in error.

*G. H. Williams & Son, G. B. Davis, S. W. Sturgis,* contra.

BROYLES, P. J.    This was an action on a guardian's bond executed by H. I. Hilburn as principal, and the National Surety Company of New York as surety. The petition, omitting the heading and the prayer, is as follows:

"1st.    That on the 4th day of June, 1909, H. I. Hilburn was appointed guardian of the person and property of I. H. Hilburn of said county, and that the National Surety Company of New York went on his bond as surety guardian.

"2nd.    That H. I. Hilburn took possession of the property of the said I. H. Hilburn as such guardian and held possession of same for two years, and that in 1911 he was removed and B. M. Hilburn appointed in his place; that in 1914 B. M. Hilburn as guardian of said I. H. Hilburn sued H. I. Hilburn for settlement of his acts and doings as guardian of I. H. Hilburn and obtained a judgment against him in ordinary court, Laurens county, Georgia, for $1800.

"3rd.    That said judgment was appealed by H. I. Hilburn to the superior court, Laurens county, Georgia, and gave as surety on said appeal bond W. D. Martin, and that judgment was rendered in the superior court on said appeal against H. I. Hilburn as principal and W. D. Martin, surety, for the sum of $2260.

"4th.    That said execution was levied on the property of W. D. Martin, and he was forced to pay same and take transfer to him. A copy of said execution is hereto attached.

"5th.    That the default of H. I. Hilburn as guardian for I. H. Hilburn was made while said surety company was on his bond.

"6th.    That W. D. Martin as security on the appeal bond and as transferee of the execution is subrogated to all the rights and remedies of B. M. Hilburn, guardian aforesaid; hence he brings this suit in the name of the present ordinary E. D. White for the use of W. D. Martin, transferee, against said H. I. Hilburn and New York National Surety Company, for amount paid out by him on said executions, to wit: $2260.

"7th. That W. A. Wood of said county is the legal agent of said New York National Surety Company; that H. I. Hilburn is a resident of said county."

The following amendment to the petition was allowed, subject to demurrer:

"1st. That the defendant H. I. Hilburn is insolvent, and was at the date the appeal bond was given.

"2nd. That a copy of the bond sued on and the appeal bond is hereby attached and made a part of this petition.

"3rd. That H. I. Hilburn as guardian of I. H. Hilburn is short with said estate as guardian in the sum of $2300, as per schedule and statement hereto attached, and that he has no property subject to the judgment and execution recorded against him for said amount.

"4th. That all of said property and money came into his hands as guardian of I. H. Hilburn while he was under said bond furnished by said National Surety Company.

"5th. That H. I. Hilburn has not accounted to said estate, the ordinary, present guardian, or any one else for said money, funds, and assets, and now owes the same and same is past due and unpaid, and that he fails and refuses to pay the same after being demanded to do so."

Applying the principle laid down in the first headnote, the petition as amended failed to set out a cause of action against the National Surety Company of New York, and the court erred in overruling the demurrer interposed by that company.

*Judgment reversed. Bloodworth, J., concurs. Harwell, J., concurs dubitante.*

HARWELL, J., concurring dubitante. The weight of authority, it must be admitted, is in favor of the rule insisted on by the plaintiff in error, namely, that the last surety is regarded as the primary one, and that he has no right of subrogation against the preceding surety; but upon examination of these cases it will be found that most of them are cases arising as to sureties in a legal proceeding, as, for instance, sureties in successive appeals. There are, however, respectable authorities which hold to the contrary. See Kane *v.* State, 78 Ind. 103; Desser *v.* King, 110 Ind. 69 (10 N. E. 621); Burgett *v.* Paxton, 99 Ill. 288; Howe *v.* Frazer, 2 Rob. (La.) 424; Smith *v.* Anderson, 18 Md. 520. In Brown *v.*

Glascock's admr., 1 Rob. (Va.), 461, it was held: "A personal decree against an administrator being recovered by a creditor of the decedent, the administrator appeals, giving an appeal bond with surety; the decree being affirmed, an arrangement is made between the creditor and the surety in the appeal bond, by which the decree is transferred to the surety, who makes a part of the amount due thereon by execution against the administrator, and then brings an action on the administration bond, in the name of the creditor as relator, against the surety therein bound, in which action a judgment is recovered for the balance due on the affirmed decree, being less than the amount of damages incurred by the appeal. *Held,* the surety in the administration bond has no claim to be substituted to the remedy of the creditor on the appeal bond, and equity will not interfere in his favor by enjoining the judgment." Stanard, J., in delivering the opinion in that case, said: "The principle of the case of Parsons *v.* Briddock [2 Vern. 268] and other kindred cases does not warrant the claim of sureties such as the appellee (the surety on the administration bond) to be substituted to the remedy of the creditor on the appeal bond; and that the decree in this case, founded on such supposed right of substitution, is erroneous." The decision therefore holds that the primary liability is upon the surety on the administration bond.

The principle upon which the cases cited by the plaintiff in error were decided is, that, as between the two sureties, the superior equity lies with the first surety, because of the fact that he may be prejudiced by the act of the second surety in prolonging the litigation. In Hinckley *v.* Kreitz, 58 N. Y. 586, it is said: "Schuchman and Muller became such sureties and thereby prevented the collection of the judgment until the determination of the appeal, which might be for several years. But for their intervention the judgment may have been collected of the defendant therein. They secured the delay by agreeing to pay the judgment. *The present defendants may have been injured,* and justice would seem to demand that, between parties thus situated, the primary liability should rest upon those who intervened to secure the delay." In Mitchell *v.* De Witt, 25 Tex. Supp. 180 (78 Am. D. 561), it was said: "But for their (the latter sureties') interposition the plaintiff may have been exonerated from his liability. The *principal may then have had visible property subject to execu-*

*tion,* of which, but for the interposition of the defendants to supersede the judgment and prevent execution thereof, the plaintiff might have availed himself to have satisfaction of the judgment. . . The principle appears to have been first applied in such cases in England in Parsons *v.* Briddock, 2 Vern. 608, which was approved by Sir William Grant, Master of Rolls, in Wright *v.* Morley, 11 Ves. 22. . . The authority of this decision is supposed to have been shaken in England by some of the more recent decisions, but it appears to have maintained its authority in this country; and Judge Story, while he supposes it to have been much shaken in point of authority, appears to approve of its equity and justice." In Hartwell *v.* Smith, 15 Ohio St. 204, it was said: "In regard to this question of superiority of equities, which is liable to arise in a case of prior and subsequent bonds executed by different sureties for distinct purposes, and both constituting securities in the hands of the creditor for the same debt, it is well settled that if the interposition of the second surety is for the benefit of the *principal alone,* without the sanction or assent of the first surety, *he may be prejudiced thereby;* as when the effect of the second bond is to *prevent the enforcement of present payment from the principal* and thus prolong the responsibility of the first surety; in such a case the equity of the first surety is superior, and he is entitled to be subrogated to the rights of the creditor as against the second." In Moore *v.* Lasseter, 84 Tenn. 630, it was said: "The reason for all these rulings is that the new surety, by joining the principal in a bond by which he obtains time in the collection of a debt, changes the terms upon which the original surety was bound, and *prejudices his rights.*"

The exact question raised in this case has not been passed upon by the appellate courts of this State. Section 5008 of the Civil Code (1910), which is cited as authority by the plaintiff in error, when construed as it should be with the two sections preceding it (sections 5006 and 5007), has reference to a suit where there is more than one party plaintiff or defendant, and one or more of said parties plaintiff or defendant desire to appeal and the others fail or refuse to appeal, and provides that the security for the party appealing shall be bound for the judgment on the appeal, and, in the event he is compelled to pay the debt or damages for which judgment may be entered, shall have recourse only against

the party for whom he became security; in other words, such security can not control the judgment and collect it out of the parties not appealing, but only out of the party who appeals the case and for whom he became security. It is evident that that section is not applicable to the facts in the present case.

There is serious doubt in the mind of the writer as to whether the ruling that the last surety is primarily liable is applicable to the facts in this case, as alleged in the petition and the amendment thereto. The National Surety Company was on the bond of H. I. Hilburn, as guardian of I. H. Hilburn. H. I. Hilburn was removed as guardian, and B. M. Hilburn was appointed in his stead. B. M. Hilburn brought suit against H. I. Hilburn, as such guardian, for settlement, obtaining a judgment against him in the court of ordinary. It is alleged that H. I. Hilburn was short with the estate of his ward in a certain sum, and that said money and property came into his hands as guardian while he was under the bond furnished by the National Surety Company, and that he has not accounted to said estate, the ordinary, the present guardian, or to any one else for said money, funds, and assets. Under the allegations there was a breach by H. I. Hilburn of his duties as guardian for which the National Surety Company was liable on its bond. The National Surety Company was not a party to the suit against H. I. Hilburn in the ordinary's court, and was not bound, except prima facie, by the judgment therein obtained; but would have the right to make defense, when sued on the bond, and show if it could that its principal had not breached his bond. *Bryant v. Owen,* 1 *Ga.* 355; *Bennett* v. *Graham,* 71 *Ga.* 213; *Gibson* v. *Robinson,* 90 *Ga.* 756 (2) (16 S. E. 969, 35 Am. St. R. 250); *Fidelity & Deposit Co.* v. *Rich,* 122 *Ga.* 506 (2) (50 S. E. 338). It is further alleged, that H. I. Hilburn, the former guardian, is *insolvent, and was so at the date the appeal bond was given;* and that he has no property subject to the judgment and execution against him. H. I. Hilburn appealed from the judgment entered in the court of ordinary, and W. D. Martin signed his appeal bond as surety; and judgment in the superior court was again rendered against the former guardian and surety on the appeal bond, execution issued, Martin paid the judgment, which was transferred to him, and he then sued the National Surety Company on its bond, claiming that he was subrogated to the rights of the second

guardian, B. M. Hilburn, and that he should recover of the National Surety Company. In the opinion of the writer, if the National Surety Company had been in any way prejudiced by the appeal, or might have been prejudiced thereby, the principle stated in the cases relied on by the plaintiff in error would apply and the superior equity would perhaps exist in its favor. But H. I. Hilburn was insolvent, it is alleged, when the appeal was entered; and taking this allegation to be true, which must be done on demurrer, the judgment could not then have been collected out of him, and the delay caused by the appeal could not, therefore, work to the injury of the National Surety Company. On the contrary, the appeal might enure to the benefit of that company, as it enabled its principal to try his case before a jury in the superior court and to have it there determined if there should be any liability against him. If that trial had resulted in his favor, it would have enured to the benefit of his surety on his guardian's bond. The delay on account of the appeal could work no harm to the National Surety Company in making its defense when sued. It had not been sued, and still had the same right of defending the suit as it had before the appeal. It was not prejudiced in that way by the appeal. Under the special circumstances of this case, no way occurs to me in which the National Surety Company might have been prejudiced, or its risk increased by the appeal. For these reasons, upon principle, the writer can not see how the superior equity can be said to exist in favor of the National Surety Company. Deferring, however, to the judgment of my associates, I concur in the judgment; but, for the reasons heretofore stated, I have grave doubts of its correctness.