Nov. Term,
1848.

CHRISMAN
v.
LONG.

---

CHRISMAN and Another *v.* LONG.

Joint judgment-debtors are not liable for payment made by a stranger at the request of one of said debtors.

No assumpsit can be raised on the voluntary payment by a stranger of the debt of another person.

*Tuesday,
December 5.*

ERROR to the *Boone* Circuit Court.

SMITH, J.—This was an action of assumpsit, brought by *Long* against *Chrisman* and *McLaughlin,* for money had and received, and money paid. Plea, the general issue. Trial by the Court; finding and judgment for the plaintiff, for 145 dollars; motions in arrest of judgment and for a new trial overruled. A bill of exceptions sets out all the evidence.

It appears that, in *November,* 1838, there was a judgment rendered by the Circuit Court of the *United States,* for this district, in favor of *Blachley, Strong,* and *Simpson* against *Chrisman* and *McLaughlin,* for the payment of which one *Nelson* became replevin-bail. In *October,* 1840, *Nelson* recovered a judgment in the *Boone* Circuit Court against *William Tichenor* and *William Galvin,* upon which an execution issued, and was levied on certain personal property. *Chrisman* became the purchaser of the property so levied on, at a sale by the sheriff, and for the payment of his bid *Chrisman, Long,* and others executed a judgment-bond payable to *Nelson.* This bond *Nelson* placed in the hands of the attorneys of *Blachley, Strong,* and *Simpson,* who were to collect it and apply the pro-

ceeds towards the payment of the judgment in the Circuit Court of the *United States* against *Chrisman* and *McLaughlin*. On the 25th of *October*, 1843, *Long* made a payment of 140 dollars on the judgment-bond to the attorneys of *Blachley*, *Strong*, and *Simpson*, which sum was accordingly, with the knowledge, and by the direction of *Chrisman*, credited on the judgment against him and *McLaughlin*.

This state of facts may show a right of action in favor of *Long* against *Chrisman*, but does not warrant a joint judgment against the latter and *McLaughlin*. If we regard the payment by *Long* simply as a payment upon the judgment of *Blachley*, *Strong*, and *Simpson*, the request of *Chrisman* was not sufficient to bind *McLaughlin* (1), and it is a clearly established principle that no assumpsit can be raised on the voluntary payment, by a stranger, of the debt of another person.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Morrison* and *S. Major*, for the plaintiffs.

*L. C. Dougherty*, for the defendant.

(1) See *Hamilton et al.* v. *Seaman et al.*, *ante*, p. 185.