RUTGER B. MILLER, JR., Appellant, *v.* HAVILLA WINCHELL, Respondent.

One P. executed to defendant a mortgage upon certain premises; defendant agreed, by parol, to pay two former mortgages on the premises, and, after deducting the amount thereof, paid to P. the balance secured by his mortgage. P. subsequently sold and conveyed the premises to plaintiff, with covenant of warranty, subject to defendant's mortgage. In an action to compel defendant to pay and cancel of record the prior mortgages, or to have the amount thereof indorsed upon his mortgage; *held*, that plaintiff was not entitled to recover; that he could not recover upon the theory that defendant's promise was made for his benefit, as, at the time it was made, he had no relation to or interest in the lands; and that plaintiff's deed did not operate as an assignment to him of P's interest in the agreement.

It *seems*, that upon payment of the prior mortgages, plaintiff would be entitled to be subrogated to the remedy of the mortgagee, and could maintain an action against defendant upon the agreement.

(Argued June 15, 1877; decided September 18, 1877.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff, entered upon the report of a referee, and granting a new trial.

The complaint in this action alleged, in substance, and the referee found that, in March, 1869, one Edward H. Parr, being the owner of certain real estate in Utica, executed a mortgage thereon to defendant for $794; that defendant paid and advanced thereon $494, and agreed verbally to pay two prior mortgages upon the premises, held by a savings

bank, amounting to $300 ; that in October, 1869, said Parr conveyed the premises to plaintiff by warranty deed, subject to defendant's mortgages ; that defendant did not pay, and refused to pay, the prior mortgages, which are due.

The referee directed a judgment adjudging that defendant's mortgage should stand as security only for the $494, and should be indorsed down to that sum. Judgment was entered accordingly.

*R. B. Miller, Jr.*, for the appellant. Plaintiff was entitled to maintain this action and was the proper party to bring it. (Code, §§ 69, 111; *Colby* v. *Osgood*, 29 Barb., 339; *Andrews* v. *Walcott*, 16 id., 21.) The court below erred in holding that the right to call upon defendant to discharge the bank mortgages did not pass to plaintiff with the covenant of warranty. (*Fosgate* v. *Heskemer Hy. Co.*, 12 N. Y., 580; *Mut. Ins. Co.* v. *Benson*, 5 Duer, 168.) Winchell's agreement with Parr to pay the savings bank mortgages was a covenant running with the land. (*Andrews* v. *Walcott*, 16 Barb., 21; *Murray* v. *Jaques*, 6 id., 612; 1 Smith's L. Cas., 99, 136, 137; Rawle on Covenants, 335; *Norman* v. *Wells*, 17 Wend., 136.) A purchaser who takes title under a deed, which states that the title is subject to a prior mortgage, cannot question the consideration or the validity of that mortgage. (*Graves* v. *Mumford*, 26 Barb., 94; *Sands* v. *Church*, 6 N. Y., 347; *Freeman* v. *Auld*, 44 id., 50; Story's Eq. Jur., §§ 848, 849; *Barnes* v. *Mott*, 64 N. Y., 397.)

*Joseph Benedict*, for the respondent. A person who accepts a lien upon or interest in the equity of redemption of mortgaged premises as mortgagee or purchaser, cannot avail himself of usury in such mortgage. (*Sands* v. *Church*, 6 N. Y., 347; *Russell* v. *Pastor*, 7 id., 171–173; 10 Paige, 595; 2 Den., 595, 598; *Hartley* v. *Harrison*, 24 N. Y., 170; 6 id., 347; 9 Paige, 145; *Freeman* v. *Auld*, 44 N. Y., 50; 6 id., 24 id., 170.)

ANDREWS, J.  The consideration of the promise of the defendant to pay the mortgages held by the savings bank moved, from Parr, who was then the owner of the land. The plaintiff was a stranger to the consideration, and when the promise was made he had no relation to, or interest in the land.  His title was acquired several months thereafter by deed from Parr, with warranty subject to the mortgage from Parr to the defendant.  The plaintiff, therefore, cannot recover upon the theory that the promise of the defendant to pay the savings-bank mortgages was made for his benefit, so as to give him a right of action.

When the promise was made, two parties only were interested in having it performed, viz., Parr, the owner of the land on which the mortgages were a lien, and the savings bank, the mortgagee.  The bank could have maintained an action to enforce the defendant's promise, within *Lawrence* v. *Fox* (20 N. Y., 268), and *Burr* v. *Beers* (24 id., 178), and this right of action, for aught that appears, still exists.  Parr, upon paying the mortgage debt to the bank, would have been entitled to be subrogated to the right of the bank to enforce the defendant's promise, and, perhaps, before payment would have been entitled to maintain an action against the defendant on his default, to recover the amount of the savings bank mortgages and have it applied to satisfy them, making the bank a party to the action.  When Parr sold the land with covenant of warranty to the plaintiff, he still, by reason of his covenant, had an interest in the performance by the defendant of his promise, and if Parr had afterwards paid the mortgages, he could have enforced the defendant's promise for his indemnity.

The plaintiff claims the right to maintain an action on the agreement, although it was not made for his benefit, and he was a stranger to the transaction, out of which it grew, on the ground that his conveyance from Parr of the land covered by the mortgages, with warranty, operated as an assignment of Parr's interest in the agreement.  There was no actual intention to assign Parr's interest in the agreement to the

plaintiff. The plaintiff had no knowledge of its existence when he took his deed, and it is alleged in the points presented by the plaintiff that Parr at that time supposed the mortgages had been paid. The promise of the defendant to pay the bank mortgages was oral and could not pass by conveyance to the plaintiff as annexed to the land, assuming that if it had been under seal, it would have been a covenant touching or affecting the land so as to have passed by the conveyance, a proposition, which, to say the least, is very doubtful. The plaintiff, so far as appears, relied solely upon the covenant of warranty in his deed for the protection of his title. Parr's interest in the contract was not terminated by his conveyance of the land, and the bank as we have said, has still a right to enforce it.

We see no ground upon which the plaintiff can claim to be assignee of the defendant's promise, or upon which he can maintain this action. If he now pays the bank mortgages he will be entitled to be subrogated to the remedy of the bank against the defendant upon his agreement. But he stands here claiming to recover solely as assignee of Parr, by virtue of his deed, and to this the answer is that the deed did not operate as an assignment of the defendant's promise, and no other assignment is claimed.

The order of the General Term should be affirmed.

All concur, except RAPALLO and MILLER, JJ., absent.

Order affirmed.