## McClure et al. *v.* Andrews.

SUBROGATION.—*Payment of Debt of Third Person, on Request.—Promissory Note.—Mortgage.—Extinguishment of.*—A member of a copartnership, at the request of a copartner and on his promise to repay the partnership,.

68 97
139 345
68 97
147 423
68 97
150 476

paid off, out of the partnership funds, the individual debt of the latter, evidenced by his promissory note secured by a mortgage, and then delivered the same to A. as collateral security for a loan obtained by him for the partnership.

*Held,* in an action by A., against the members of the partnership, on such note and mortgage, that these instruments were extinguished by such payment, and that neither the copartnership nor the plaintiff was subrogated to the rights of the payee.

From the Clay Circuit Court.

*I. M. Compton, C. E. Matson, W. W. Carter* and *S. D. Coffey,* for appellants.

*G. A. Knight* and *C. H. Knight.* for appellee.

WORDEN, J.—On March 9th, 1872, John H. Hawkins executed certain promissory notes to one Hezekiah Smith, and on the 15th of the same month he executed to Smith a mortgage upon certain land, to secure the payment of the notes. The mortgage was duly recorded. Hawkins afterward conveyed the land to Nicholas Miller.

This action was brought by Andrews, as trustee of the Brazil Bank, to foreclose the mortgage,—the complaint alleging that Smith had transferred a part of the notes, specifying them, to the firm of McClure & Co., which consisted of Henry McClure and the above mentioned John H. Hawkins, by delivery, and that McClure & Co. had, in the same manner, transferred them to the plaintiff.

Hawkins, McClure and Miller were made defendants. Hawkins pleaded payment; and Miller pleaded payment by Hawkins. The issues were tried by the court, who found for the plaintiff, and rendered judgment accordingly, over a motion for a new trial.

On the trial, it appeared that the notes in suit had been endorsed by Smith to Thomas A. Goodwin for collection, and that they had been paid to him. He never endorsed or sold them to any one, nor did any one ever propose to buy them. " They were simply paid off."

After the notes were thus paid, they seem to have come to

the possession of McClure, who transferred them to the bank as collateral security for the payment of a debt which the firm owed the bank.

The testimony of McClure, who put the case as favorably for the plaintiff as any evidence in the cause, was as follows: He said, " I transferred the notes and receipts introduced in evidence to the plaintiff, as collateral security for a debt due from the firm of McClure & Co. to the plaintiff, which debt was about $1,200. The firm of McClure & Co. is composed of myself and my codefendant, John H. Hawkins. I paid off the notes in suit on behalf of the firm of McClure & Co., at the request of the defendant, John H. Hawkins. Hawkins requested me to pay them out of the firm money, and he would pay it back in a short time. I sent the money for two of the notes, by express, to Indianapolis at the dates of the express receipts read in evidence, paid off one of the notes through the Brazil Bank, and the other I paid in person; all were paid with the money belonging to the firm of McClure & Co."

On cross-examination he said, " There was nothing said about buying the notes for the firm of McClure & Co., either between Hawkins and myself or the payees of the notes; they were all paid after they became due. The firm of McClure & Co. was in no way bound to pay the notes. It was simply done at the request of Hawkins, and on his promise to repay the money."

On these facts, the plaintiff, in our opinion, had no right to recover. The payment of the notes utterly extinguished them, and, of course, extinguished the mortgage, so far as it had been a security for the payment of these notes. To be sure, a court of equity will, in some cases, keep an encumbrance alive, or consider it extinguished, as will best subserve the purposes of justice, and the actual and just intention of the parties. *Howe* v.

*Woodruff*, 12 Ind. 214; *The Union Trust Co.*, etc., v. *The Monticello*, etc., *R. W. Co.*, 63 N. Y. 311.

But in this case there is no ground for the application of such doctrine. Here, it is clear, from the facts testified to, that it was the intention both of Hawkins and of McClure, in paying the notes, to satisfy and cancel them. Hawkins desired that the notes should be paid out of the funds of the firm, and they were so paid, not upon any understanding that the firm or McClure should have the benefit of them as continuing securities, but upon the express understanding that Hawkins should pay the money back in a short time. Under these circumstances, if McClure has any remedy against Hawkins, for failing to pay back the money, it is not by an action upon the notes thus paid and extinguished. The notes having been thus paid and extinguished, McClure could not revive them by transferring them to the plaintiff. As a partner of Hawkins, McClure would have had no right to revive an extinguished individual debt of the former.

Nor can McClure, or the plaintiff, be subrogated to the rights of the payee of the notes and mortgage. Neither McClure nor the firm of McClure & Co. were under any obligation to pay the notes. They were entire strangers thereto. Had McClure, or the firm of McClure & Co., been liable on the notes as surety, a different question would have been presented. In the case of *Richmond* v. *Marston*, 15 Ind. 134, it was held by this court, that " it is only in cases, where the person paying the debt stands in the situation of a surety, or is compelled to pay, in order to protect his own interests, or in virtue of legal process, that equity substitutes him in place of the creditor, as a matter of course, without any special agreement. A stranger paying the debt of another, will not be subrogated to the creditor's rights, in the absence of an agreement to that effect : payment by such person ab-

solutely extinguishes the debt and security." See, also, *Spray* v. *Rodman*, 43 Ind. 225.

The case of *Muir* v. *Berkshire*, 52 Ind. 149, may to some extent modify the doctrine as stated in the above cited cases, but not so far as it is applicable to the case before us. See, also, the case of *Josselyn* v. *Edwards*, 57 Ind. 212; *Hoffman* v. *Risk*, 58 Ind. 113.

The judgment below is reversed, with costs, and the cause remanded for a new trial.