WILLIAM H. BISHOP *vs.* WILLIAM W. ROWE.

Penobscot.    Opinion June 17, 1880.

*Promissory note.    Indorsement.    Payment.*

A note made payable to the maker's own order, and indorsed by him, thereby becomes payable to the bearer.

When a third person, a stranger to such a note, gives the holder his written obligation, in consideration of the discounting of the note "to be holden precisely the same as if I had indorsed said note," he does not thereby become a party to the note; and, upon non payment according to its terms by those liable upon the note, if he pay it, in pursuance of such written obligation, he is entitled to the note undischarged, and to maintain an action on the same in his own name.

ON FACTS AGREED, which sufficiently appear in the opinion.

*Wilson & Woodward*, for the plaintiff, cited : *Bosanquet* v. *Dodman*, 2 Eng. C. L. 11 ; *Goodwin* v. *Cremer*, 83 Eng. C. L. 756 ; 1 Pars. Contr. 218, 284 ; *Pray* v. *Maine*, 7 Cush. 253 ; *Cochrane* v. *Wheeler*, 7 N. H. 202 ; *Davis* v. *Stevens*, 10 N. H. 186 ; *Hopkins* v. *Farwell*, 32 N. H. 425 ; *Guild* v. *Eager*, 17 Mass. 615 ; *Godson* v. *Richards*, 25 Eng. C. L. 387 ; *Deacon* v. *Stodhart*, 38 Eng. C. L. 291 ; *Pollard* v. *Ogden*, 75 Eng. C. L. 459 ; *Jones* v. *Broadhurst*, 67 Eng. C. L. 173 ; *Eastman* v. *Plummer*, 32 N. H. 238 ; 2 Pars. Notes & Bills, 216.

*C. Record* and *H. C. Goodenow*, for the defendants. The plaintiff was no party to this note. He became liable to the holder, by virtue of his agreement. But that was solely between him and the holder. There was no privity of contract between him and the maker or indorser of the note. The defendant did not request him to pay this note, and when a person not being a regular party to a note, pays it for the honor or credit of the maker or any of the indorsers, without request, he does not thereby acquire a right to repayment from any of the prior parties. *Smith* v. *Sawyer*, 55 Maine, 139 ; *Willis* v. *Hobson*, 37 Maine, 403. Nor can the plaintiff prevail as a purchaser of this note. There is no pretense that he bought it. He paid it, and took it up.

DANFORTH, J.　It is undoubtedly true as claimed in defence, that the plaintiff in this case seeks to recover the amount due upon the note described in the declaration, for his own benefit and as the owner of the note.　He is therefore entitled to prevail in his suit only upon showing a title in himself.　This title is denied and upon that denial the defence rests.

The note is payable to the maker's own order, by him indorsed and also indorsed by the defendant.　Hence the note was payable to the bearer, and in this condition was discounted by the Farmers' National Bank for the maker and became its property. It was then competent for the bank to give a good title to the note to whomsoever it pleased, merely by delivery, with or without a consideration, and as no defence but a want of title is set up, any person to whom such note shall be so delivered may maintain an action upon it in his own name and for his own benefit.　In this case the plaintiff has possession of and produces the note with no indication of payment upon it.　This is *prima facie* evidence of title and sufficient for the maintenance of the action unless overcome by the proof offered in defence.

This proof it is contended sufficiently appears from the statement of facts which are in the case.　From that we learn that after the note was discounted, the plaintiff gave the bank a written obligation, in consideration of the discounting of the note, "to be holden precisely the same as if I had indorsed said note."　We further find from the same statement, that when the note became payable it was not paid by either promisor but after certain preliminary steps supposed to be made necessary by the terms of the written agreement, it was paid and taken up by this plaintiff "in pursuance with his obligation in writing." Such payment and taking up of the note, it is claimed, was a discharge and not a purchase of it.　If the plaintiff had been under obligation to either party liable, to pay the note, this interpretation would clearly have been the reasonable, if not the legal one.　But he was not.　He was then no party to the note, nor did he pay it at the request of, or for the benefit of those whose duty it was to pay it.　He was a stranger to the note and paid it for no reason except his obligation to the bank, and in pursuance of the writing he had given.

In *Pacific Bank* v. *Mitchell*, 9 Met. 297–302, it was held that by a payment under similar circumstances, the bill was not discharged, but the plaintiffs "became *bona fide* holders of it." See also, *Pollard* v. *Ogden*, 75 Eng. Com. Law, 459.

This view is still further confirmed by the terms of the obligation. It was made in relation to the note, but not to the prior parties. They had no claims under it, nor did it in any way affect their rights. It was optional with the plaintiff to impose such terms upon the bank as he saw fit. The bank was the owner of the note which was payable to bearer and therefore had the same right to sell the note as to discharge it, upon payment by a stranger. Under these circumstances the plaintiff assumed the obligation of an indorser only. This, though it did not technically make him an indorser, as he was not then an indorsee, so far as the bank is concerned, gave him a right to all the benefits growing out of such a relationship to the note, as well as an assumption of its liabilities, and he must have so understood and intended the contract. On the other hand, the acceptance of such an agreement by the bank, imposed upon it a moral if not a legal obligation to give the plaintiff the benefits of an indorser, while claiming his liabilities as such. Hence, the effect of the payment to the bank depending upon the intention of the parties to it, we are necessarily brought to the conclusion that their purpose was to preserve the note and not to discharge it. Thus the statement of facts confirms the *prima facie* case made for the plaintiff by his production of the note instead of overcoming it.

*Judgment for the plaintiff for the*
*amount due on note.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.