No. 10,043.

## WILSON *v.* MURRAY ET AL.

REPLEVIN BAIL.—*Subrogation.*—*Assignee.*—*Judgment in Force.*—The sale of the real estate of a replevin bail to satisfy the judgment is a compulsory payment thereof, within the meaning of section 1214, R. S. 1881, and the judgment will remain in force for the use of such bail; but it is otherwise when real estate, owned by the bail when he replevied the judgment, but since conveyed, is sold to satisfy the judgment. In such case, the property so taken, as between it and property of a principal in the judgment subject to the lien thereof, would be secondarily liable, and the person who owned it when so taken would be subrogated to the rights of the judgment plaintiff against the property primarily liable.

SAME.—*Fraudulent Conveyance.*—Where real estate, subject to the lien of a judgment, is sold as the property of a replevin bail who has theretofore conveyed it, and such bail assigns the judgment, his assignee can not, as against the purchaser of the real estate of the principal in the judgment, be regarded as having the rights, under section 1214, of a replevin bail who has paid the judgment. Nor does an adjudication, in an action by creditors against such replevin bail, that the conveyance is fraudulent and void as to them, affect the rights of the bail or his assignee.

SAME.—*Injunction.*—An injunction will lie by the purchaser of the real estate of a principal in a judgment to prevent the sale of such real estate on execution issued by the assignee of the replevin bail, where property, once owned by such bail and subject to the lien of the judgment, has been sold to satisfy the judgment after he had conveyed the same, although the conveyance has been adjudged to be fraudulent as to the bail's creditors.

From the Randolph Circuit Court.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellant.

*I. P. Gray, P. Gray, S. Colgrove* and *S. M. Whitten,* for appellees.

BLACK, C.—The conclusions of law in a special finding, assigned as error, are alone discussed by counsel in their briefs.

The suit was brought by the appellant, Rufus A. Wilson, against the appellees, Ralph V. Murray, sheriff of Randolph county, John P. Peters and Henry DeBolt, for an injunction against the sale on execution of certain land owned by the appellant in said county. The special finding is quite long; we will state, with some condensation, the facts found:

On the 28th of October, 1876, one Fahnestock recovered in the court below a judgment against one William P. DeBolt and one George W. DeBolt for $501.18, and costs, and on the 6th of November, 1876, the appellee Henry DeBolt became replevin bail for the stay of execution on said judgment.

Said George W. DeBolt, being the owner in fee simple of said land, sold it on the 9th of November, 1876, to one Runyan, to whom said George W. DeBolt and his wife conveyed it by general warranty deed, which purported to be signed by the grantors on the 28th of September, 1876, when it was signed and acknowledged by them before a notary public, in whose certificate of that date it was certified, in due form, that the deed was acknowledged on that day. The name of the grantee, for which a blank had been left, was inserted in the deed, and it was delivered to him on the 9th of November, 1876. The deed was duly recorded on the 10th of November, 1876. Said Runyan, on the 20th of December, 1878, sold and conveyed said land to the appellant for a valuable consideration.

Before the commencement of this suit, the appellant had no other knowledge or notice of the date of the sale and conveyance to Runyan than that the deed was dated and acknowledged on the 28th of September, 1876, and that it was recorded on the 10th of November, 1876; and he had no other knowledge or notice of the date of the delivery of the deed to Runyan, and no knowledge or notice that his name was not written in the deed September 28th, 1876, and no actual notice that said Fahnestock judgment was rendered before the sale and conveyance to Runyan.

December 7th, 1877, one Johnson recovered a judgment against said Runyan and said George W. DeBolt, in said court, for $413.68 and costs, which was a lien on said land. Under an execution issued on said Johnson judgment, said land was sold by the sheriff and was purchased by Johnson, on the 6th of April, 1878, for the full amount of his judgment. Before the expiration of the year for redemption,

Johnson sold and assigned his certificate of purchase to the appellant for value, and after the expiration of said year, the land not having been redeemed, the sheriff executed his deed for said land to the appellant, which was duly recorded December 4th, 1879.

When the appellee Henry DeBolt became replevin bail, as aforesaid, and for more than two years before that time, he was the owner in fee simple of certain other land in said county. On the 9th of December, 1876, said Henry and his wife conveyed his said land by deed of general warranty to their son, George M. DeBolt.

November 19th, 1877, execution issued on said Fahnestock judgment, and the sheriff, having failed, upon demand, to receive money or property from said William P. DeBolt or said George W. DeBolt, made demand of said Henry, and upon his refusal levied upon, advertised, and on the 2d of February, 1878, sold Henry's said land on said execution for the full amount of said Fahnestock judgment to said Fahnestock, to whom the sheriff made a certificate of purchase, and the sheriff made return, which was duly recorded, that he could find no property of said William P. DeBolt or said George W. DeBolt whereon to levy, and that the judgment had been made by sale of the real estate of said Henry, replevin bail. Said real estate so sold to Fahnestock not having been redeemed, and said Fahnestock having assigned his certificate to one John Fisher, the sheriff, after the expiration of the year for redemption, executed his deed to said Fisher for said real estate so sold to Fahnestock.

On the 28th of February, 1879, the appellee Henry DeBolt, said replevin bail, sold, and by entry upon the order-book assigned, said Fahnestock judgment to the appellee John P. Peters. Afterward, on the order of said Peters, the clerk issued execution on said Fahnestock judgment to the use of said Peters against said William P. DeBolt and said George W. DeBolt, the judgment defendants, to the appellee Ralph V. Murray, sheriff, who served said execution on said.

William P. DeBolt and said George W. DeBolt, and demanded of each of them money or property to satisfy it, and they having refused, and the sheriff being unable to find any property of said William P. DeBolt, or any personal property of said George W. DeBolt, whereon to levy, levied said execution on said real estate theretofore conveyed, as aforesaid, by said George W. DeBolt, to said Runyan, and by him to the appellant; and at the commencement of this suit said sheriff was about to advertise, and was threatening to advertise and sell, said real estate to pay said Fahnestock judgment, and said Peters was ordering and directing the sheriff to do so, and the sheriff would do so unless enjoined.

When said Fahnestock judgment was rendered, said William P. DeBolt did not have, and he has not since had, any property whatever; and said George W. DeBolt has no property subject to execution, and unless said Fahnestock judgment is a lien upon the real estate so held by the appellant, there is no property out of which said judgment, or any part of it, can be made.

On the 27th of December, 1876, John Fisher recovered a judgment against said Henry DeBolt and others; and on the 24th of April, 1877, the First National Bank of Winchester recovered a judgment against said Henry and others, and one Moorman recovered three judgments, in each of which said Henry was a defendant. Said judgments were so recovered by Fisher, the First National Bank and Moorman in the court below, and aggregated $7,675.40, besides costs, and each of them was for a debt existing before the execution of said conveyance by said Henry and wife to said George M. DeBolt.

May 11th, 1877, said Fisher, the First National Bank of Winchester and Moorman instituted an action in said court against said Henry DeBolt, his wife and said George M. DeBolt, to set aside said conveyance to said George M. DeBolt, as fraudulent and void as to the creditors of said Henry, and to subject the real estate so conveyed to sale to pay said judgments in favor of said Fisher, said Bank and said Moorman,

the complaint charging that said conveyance was made to said George M. DeBolt by Henry and his wife with the fraudulent intent to cheat, hinder and delay the creditors of said Henry; that it was made without any consideration; that said George M. DeBolt paid no consideration and received the conveyance with knowledge of the fraudulent intent of said Henry. Said cause was tried on the 11th of March, 1878, and the court found that the allegations of the complaint were true, and adjudged that said conveyance, so made December 9th, 1876, to said George M. DeBolt be set aside, that said judgments in favor of Fisher, the First National Bank and Moorman were liens on said real estate so conveyed to said George M. DeBolt, and that it be sold to pay said judgments. The appellant was not a party to said last mentioned action.

On the 28th of September, 1878, a copy of the decree so rendered therein was issued to the sheriff, with executions on said judgments in favor of said three plaintiffs in said action, and said executions were levied upon the real estate so conveyed to said George M. DeBolt, which the sheriff advertised, and on the 7th of December, 1878, sold, under said decree and executions, for $1,000 to said Fisher, who paid said sum to the sheriff, and received the sheriff's certificate of purchase; and after the expiration of a year, the real estate not having been redeemed, the sheriff executed his deed to said Fisher for said real estate. Said judgments against said Henry and others remain unpaid, except said sum of $1,000. And in the special finding before us the court found that said real estate was conveyed by said Henry and wife to said George M. BeBolt with the fraudulent intent to cheat, hinder and delay the creditors of said Henry, and that said George M. DeBolt received the conveyance with knowledge of said fraudulent intent; that said Henry, at the time of his making said conveyance, did not have left sufficient property subject to execution to pay his debts then existing, and at the commencement of said action to set aside said conveyance

had no property subject to execution; that said Henry never stood by when or before the appellant was buying said real estate from said Runyan, and did not advise or encourage or request the appellant to purchase said real estate, and had no notice that appellant was about to buy, or intended to buy, said real estate from Runyan until after the purchase had been fully made, or that said George W. DeBolt had sold and conveyed to Runyan until after the 28th of February, 1879, when he, said Henry, assigned said Fahnestock judgment to the appellee Peters.

The court concluded, as matter of law, that the Fahnestock judgment was and is a lien on the real estate of said George W. DeBolt, so conveyed to Runyan and by him to the appellant; that it was a lien on said real estate of the appellee Henry DeBolt, replevin bail, which was afterward sold as aforesaid to pay said judgment; that Fahnestock having been paid and satisfied in full by the sale of said real estate, which was owned by said Henry when he became replevin bail, and by the sale thereof as the property of said replevin bail, said Henry was entitled to the benefit of the payment by the sale of said real estate; that said Fahnestock judgment was not satisfied and discharged by said payment by said sale, but it remained in full force and effect against said William P. DeBolt and said George W. DeBolt, for the benefit of said Henry; that after said Fahnestock judgment had been so paid said Henry was entitled to execution on said judgment to his use, and the appellee Peters is entitled to have said real estate, so conveyed to appellant, sold by the sheriff upon execution to satisfy said judgment; and that the appellant is not entitled to an injunction against the appellees, or either of them, restraining them, or either of them, from selling said real estate to pay and satisfy said judgment.

We are unable to concur in the conclusion reached by the learned judge of the circuit court. The Fahnestock judgment was a lien upon the land of the judgment defendant George W. DeBolt, conveyed by him to Runyan, and by him

to the appellant, and the lien was paramount to that of said Johnson judgment. It was a lien also on said real estate of the appellee Henry DeBolt, replevin bail, and the lien was paramount to that of either of said judgments recovered against said Henry and others.

If Henry had not conveyed his said real estate, and it had been sold on execution for the satisfaction of the Fahnestock judgment, this would have been a compulsory payment of the judgment by the replevin bail, within the meaning of the statute, section 676, code of 1852, section 1214, R. S. 1881, and under the statute the judgment would not have been discharged by such payment, but it would have remained in force for the use of the bail, and might have been prosecuted to execution for his use or for the use of his assignee.

If the property taken to satisfy the judgment was not the property of the replevin bail at the time it was taken, such satisfaction of the judgment would not be a payment by the bail, though said property had been his at a former time and while his subject to the lien of the judgment; for in such case he would part with nothing for the satisfaction of the judgment. In such case, the property so taken, as between it and property of a defendant in the judgment subject to the lien thereof, would be secondarily liable, or liable as surety, and the person who owned it when so taken would be subrogated to the rights of the judgment plaintiff against such property so primarily liable. If, by reason of covenants of the replevin bail, he should be compelled to reimburse the person whose property was so taken, the bail would be entitled to relief on equitable principles against property so primarily liable, if not entitled to the relief provided by the statute for a replevin bail compelled to pay the judgment. Whether his mere liability to so reimburse his grantee would constitute payment within the meaning of the statute need not be discussed here.

After the real estate which the replevin bail owned when he became bail, on which from that time forward the judgment was a lien (sec. 427, Code of 1852, sec. 697, R. S. 1881), and

which he thereafter conveyed to his son, had been sold to sat-
isfy the Fahnestock judgment, said conveyance to said son
was, at the suit of certain junior judgment creditors of the
replevin bail, adjudged fraudulent and void as to his cred-
itors; and the court below, in the case at bar, found that said
conveyance was made with intent to defraud said creditors,
without any consideration, and that the grantee had notice of
the fraudulent intent.    Under the form of the conclusions of
law, it does not appear how the court regarded said proceed-
ing between the parties to that conveyance and said creditors
as affecting this case, or how far the court was influenced by
its own finding of facts in relation to said conveyance, addi-
tional to its finding concerning said judgment avoiding it.
Some stress seems to be laid upon the fact that the land was
sold under the Fahnestock judgment as the land of the re-
plevin bail.    The judgment was a lien on that land by virtue
of the statute, before it was conveyed by the replevin bail.
The grantee took subject to that judgment without regard to
the question whether the conveyance was fraudulent or not,
and the judgment plaintiff's proceeding by execution against
the property as property of the replevin bail, ignoring his
grantee, did not annul or set aside the deed of conveyance as
between the bail and his grantee, or affect their contract re-
lation, or make the replevin bail the owner in fact of the
property at the time it was taken on execution.    If, at the time
of the sale under the execution, the replevin bail had no prop-
erty in fact in what was sold, he could not claim that he paid
the judgment.    It was proper, not only in the sale on execu-
tion, but also before and after such sale, to ignore the grantee
George M. DeBolt.    He had no title, apparently good, as
against the judgment.    He could not put the validity of the
execution sale in controversy by showing himself a purchaser
without fraud.    The conveyance to the son was afterward set
aside as fraudulent.    This was not necessary to the full relief
of Fahnestock; with the question whether there was fraud or
not he had no concern.

Did the adjudication in said action to set aside said conveyance, or the finding in the case at bar that it was fraudulent, affect the question of the rights of Henry or his assignee, as against the appellant?

It is a familiar principle that the statute renders a fraudulent conveyance void only as to the creditors of the grantor, and that the conveyance is good and effectual between the parties, whose relative rights are not affected by the statute.

In *State Bank* v. *Davis*, 4 Ind. 653, Davis was surety on certain notes for Webb and Shoemaker to Spofford, Tilletson & Co., and received a mortgage of real estate from the principals, Webb and Shoemaker, to indemnify him as such surety. A judgment was obtained on said notes, and execution thereon was returned *nulla bona*. Rochester became the assignee of the judgment, and filed a bill in chancery against said Davis and others, and obtained a decree for the sale, to satisfy said judgment, of certain land which had been conveyed by said surety, as having been conveyed by him to defraud his creditors, and said land was accordingly sold and was bought by said Rochester. The mortgaged land having been sold to the State Bank by the assignee of Webb and Shoemaker, after the mortgage had been recorded, and the State Bank having been a party to said suit wherein said conveyance had been so set aside as fraudulent, Davis brought his action to foreclose the mortgage and to subject the land so conveyed to the State Bank to the payment of the claim on which he was surety, on the ground that said claim had been paid by him by reason of the decree in favor of Rochester subjecting said land so fraudulently conveyed to sale. It was held that the action would lie. It was there contended, on behalf of the State Bank, that the fraudulent conveyance of Davis divested him of all title to the land conveyed by him and estopped him from claiming that the payment of the debt by the sale of that land was a payment by him. But it was said by the court that Davis was not seeking, by his suit for foreclosure, to set aside his own fraudulent act; that it was set aside and

annulled against his will by the court; that the question was not whether a fraudulent conveyance is valid between the parties to it, nor whether, in case of its being annulled at the suit of a creditor, the grantor is entitled to a surplus remaining after payment of the debt, but it was whether, when the debt had been paid by a sale of the property, the grantor was entitled to a credit for the payment.

In the subsequent action between Davis and the State Bank the former was held to be entitled, as against the latter, to claim that it was the property of Davis that had paid the judgment assigned to Rochester, it having been so adjudged in an action to which both Davis and the State Bank were parties, and the debt, to pay which Davis was permitted to claim the property, was applied as his property being the debt to pay which it had been adjudged liable as his property in the former action.

Now, the question in the case at bar is not whether Henry DeBolt, as against another party to the action in which his conveyance was adjudged fraudulent against his will at the suit of his judgment creditors, is entitled to claim that it was his property that paid the $1,000 upon the judgments of said creditors, but the question is, whether because of said adjudication, or because, in the case at bar, his conveyance has been found to be fraudulent, he can claim against the appellant that it was said Henry's property that paid the Fahnestock judgment. As before said, it was not needed, in order to subject Henry's said land to the Fahnestock judgment, that Henry's conveyance should be treated as fraudulent; and prior to this action the property so conveyed by Henry has not been adjudged liable as his property to pay the Fahnestock judgment, and sold for that purpose under such an adjudication. The appellant was not a party to the suit in which said conveyance was annulled, and the grantee, said George M. DeBolt, is not a party to this suit. The rights of the appellant could not be adjudicated in that action, and

the rights of said grantee can not be affected by this action. To adjudge in the present case that the conveyance of said Henry was fraudulent and void, and to permit him to base any claim on that fact would be to rescind his conveyance without his grantee's being a party to the action, and to permit the grantor to derive an advantage by setting up his own fraud. The judgment in said suit of his judgment creditors set his conveyance aside only in favor of his creditors, not in his favor, nor in favor of the Fahnestock judgment, nor against the appellant. As to all persons, except his creditors, the conveyance stands valid and effectual. A fraudulent conveyance " is void only as against creditors; and then only to the extent in which it may be necessary to deal with the conveyed estate for their satisfaction. To this extent, and to this only, it is treated as if it had not been made. To every other purpose it is good. Satisfy the creditor, and the conveyance stands." 1 Story Eq. Jur., section 371.

The grantee, George M. DeBolt, so far as the adjudication in said action against him, or any adjudication that could be made in the case at bar, is concerned, has the right to establish that he is entitled to subrogation in an action against the appellant. For aught that can be determined in this action, said George M. DeBolt may be entitled to relief. But there can be but one person so entitled as against the appellant. It therefore does not appear that said Peters, the assignee of said Henry, is so entitled.

The judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, and the cause is remanded, with instructions to state conclusions of law in accordance with this opinion, and to render judgment accordingly.

Petition for a rehearing overruled.