FREDERICK E. WILCOX, RESPONDENT, *v.* JAMES CAMPBELL, APPELLANT.

*Covenant to pay mortgages — when it may be enforced by a grantee of the equity of redemption — measure of damages for a breach of it.*

On February 12, 1877, Jane E. Wilcox owned a lot 187 feet front by 420 feet deep, upon which were two mortgages. On that day she sold a portion thereof, 107 feet front by 420 feet deep, to the defendant, who by the deed assumed and agreed to pay the mortgages. Thereafter she conveyed the remaining 80 feet, by a quit-claim deed in the usual form, to one Bingham. The defendant having failed to pay the mortgages they were foreclosed and the whole lot sold.

Subsequently Bingham assigned his right of action to recover the damages occasioned by the failure of the defendant to pay the mortgages to the plaintiff, who brought this action thereon.

*Held,* that the action could be maintained on the ground that the covenant of the defendant to pay the mortgages ran with the title and passed to Bingham when he purchased, and on the further ground that Bingham might be deemed to be an equitable assignee of the mortgages, and as such entitled to enforce the covenant.

That the measure of damages was the value of the eighty-foot lot, provided that this did not exceed the amount of the two mortgages.

APPEAL from a judgment in favor of the plaintiff, entered in Monroe county, upon the report of a referee.

*J. A. Stull,* for the appellant.

*J. & Q. Van Voorhis,* for the respondent.

HAIGHT, J.:

On or about the 12th day of February, 1877, Jane E. Wilcox was the owner in fee and in possession of the lands described in the complaint, located on North St. Paul street, in the city of Rochester, being 187 feet front by 420 feet deep; the same was incumbered by a mortgage running to the Rochester Savings Bank, dated on the 1st day of November, 1874, conditioned for the payment of $3,000; and another mortgage, running to Barton J. Conkling, dated November 9, 1874, conditioned for the payment of the sum of $2,000. A bond, in the usual form, accompanied each mortgage. On the date first above mentioned, Jane E. Wilcox granted and conveyed to James Campbell, the defendant, a portion of the premises, being 107 feet front by 420 feet deep, retaining to herself a strip of land 80 feet wide by 420 feet deep. The conveyance was made subject to the lien of the two mortgages mentioned; and the defendant, Campbell, in and by the covenant in the deed, assumed and agreed to pay off the two bonds and mortgages and the money secured thereby, as a part of the purchase-money for the premises so conveyed to him. Thereafter, and on the 26th day of August, 1878, Jane E. Wilcox, by her quitclaim deed, granted and conveyed to Lucius C. Bingham all her estate, right, title, interest, claim and demand whatsoever, either in law or equity, with the hereditaments and appurtenances, to the

eighty-feet parcel so previously retained by her. The defendant did not keep his covenant, and failed and neglected to pay the mortgages, or any part thereof, and subsequently, and on the 10th day of February, 1879, the whole of the mortgaged premises, including the portion conveyed to Bingham, was sold under a judgment of foreclosure made in an action in the Supreme Court instituted by the Rochester Savings Bank to foreclose its mortgage for non-payment. The entire amount realized upon the sale was used in the payment of the mortgage debts. Subsequently, and before the commencement of this action, Bingham, by an instrument in writing under his hand and seal, sold, assigned and transferred to the plaintiff all claims and demands, and all cause and causes of action, which he had against the defendant by reason of his failure to pay off and discharge the mortgages. Under these facts the referee found as a conclusion of law that the plaintiff was entitled to recover of the defendant the value of the eighty-feet parcel at the time of its sale under the foreclosure judgment.

It is contended on the part of the appellant that there is no privity of contract between the plaintiff and defendant, and that consequently the plaintiff cannot recover. It first becomes important to inquire as to the nature of the claim that Mrs. Wilcox would have been entitled to enforce had she retained the title of the eighty-feet parcel. When the defendant purchased a portion of the mortgaged premises and assumed and agreed to pay the two mortgages that were liens upon the whole parcel, as between Mrs. Wilcox and himself, he became the principal debtor and personally liable, and the land conveyed to him primarily liable for the amount of the mortgage debts. So far as he was concerned Mrs. Wilcox stood in the relation of surety, and the land that she retained the title of became secondarily liable. If she had been compelled to pay the whole or any portion of the mortgage debts, she undoubtedly would have been entitled to maintain an action to recover the amount so paid, and would have been entitled to be subrogated to the rights of the mortgagees. (*Comstock* v. *Drohan*, 8 Hun, 374; affirmed in Court of Appeals, 71 N. Y., 9; *Bowne* v. *Lynde*, 91 id., 92; Brant on Suretyship, § 262; *Ayers* v. *Dixon*, 78 N. Y., 318.) If the defendant had paid and discharged the mortgages as they matured and became due, the parcel of land retained by her would

have been relieved from the lien of the mortgages. If, in order to pay and discharge the mortgages, she is compelled to part with the parcel retained by her, she suffers damages and could maintain an action on the covenant.

In the next place it becomes necessary to determine whether or not her right of action passed to Bingham by her quit-claim deed. It will be observed, by the terms of this deed, that it conveys all her right, title, interest, claim and demand whatsoever, *either in law or equity*. After her conveyance it is clear that she loses nothing by reason of the failure of the defendant to pay off and discharge the mortgages, and thus relieve the eighty feet from the incumbrance. She conveys to Bingham w thout covenant, consequently no cause of action on Bingham's part exists against her. She can maintain no action against the defendant, for the reason that she has suffered no damages, the default of the defendant in payment of the mortgages having occurred after she had parted with her title. If, therefore, any cause of action exists, it must exist in favor of Bingham, for he is the person who suffers by reason of the non-payment of the mortgages. Under the deed he took all claims or demands in law or equity that existed in favor of Mrs. Wilcox. The effect of the covenant of the defendant was to pay off and discharge the mortgages which were a lien upon this parcel, and if so, we fail to see why it is not such a covenant as would run with the title. (*Torrey* v. *Bank of Orleans*, 9 Paige, 649 ; affirmed, 7 Hill, 260 ; *Russell* v. *Pistor*, 7 N. Y., 171.)

The case of *Hart* v. *Lyon* (90 N. Y., 663), is clearly distinguishable. That action was brought to recover one-half of the value of a party wall, built under a contract of adjoining owners, which provided that one should build, and that when the wall was used by the other, his heirs or assigns, he would pay the former, or his legal representatives, one-half of the value. It was held, in that case, that "it was the plain import of the instrument that the portion which bound the heirs and assigns should be construed as perpetual, and as a covenant running with the land, while the other, being personal, could not be so regarded."

We are aware that ANDREWS, J., in the case of *Miller* v. *Winchell* (70 N. Y., 437–440), has expressed a doubt in reference to the

covenants affecting the land so as to pass by the conveyance, but the question was not involved in that case, and the learned judge does not pretend to have considered it.

If, however, we are in error in the conclusion which we have reached upon this question, still we are of the opinion that the plaintiff can maintain his action upon the ground that he has become the equitable assignee of the mortgages and subrogated to the rights of the mortgagees. When the defendant accepted the deed, and by the covenant assumed and agreed to pay the mortgages, the mortgagees had the right to maintain an action against him directly to enforce the terms of his covenant. (*Lawrence* v. *Fox*, 20 N. Y., 268; *Burr* v. *Beers*, 24 id., 178.) Bingham, by the conveyance to him of the eighty-feet parcel, became the owner of the equity of redemption, and as such had the right after default to pay the mortgages. By so doing he would have become subrogated to the rights of the mortgagees and could have maintained the same action upon the covenant that they could have maintained.

It is true that Bingham did not voluntarily pay the mortgages after default. But he has been compelled to pay them by having his lands sold under the decree in foreclosure; but we fail to see how his equities are changed from what they would have been had he made the payments voluntarily. He has now been compelled to pay the mortgages, or a part thereof. To the extent of the payment made by him he becomes the equitable assignee of the mortgages and subrogated to the rights of the mortgagees, and as such has the right to maintain the action against the defendant upon his covenant to recover the amount so paid. (Sheldon on Subrogation, §§ 45, 74.)

The case of *Miller* v. *Winchell* (*supra*) fully sustains this view of the case. In that case one Parr was the owner of the land, and as such executed a mortgage upon the premises to the defendant. The defendant agreed by parol to pay two former mortgages on the premises, and after deducting the amount thereof paid to Parr the balance secured by his mortgage. Parr subsequently sold and conveyed the premises to the plaintiff with covenant of warranty subject to defendant's mortgage. In an action to compel the defendant to pay and cancel of record the prior mortgages, or have the amount thereof indorsed upon his mortgage, it was held that the

promise of the defendant to pay the mortgages, being oral, could not pass by the conveyance to the plaintiff as annexed to the land, and that the plaintiff could not recover upon the theory that the defendant's promise was made for his benefit, as at the time it was made he had no relation to, or interest in, the lands; but it was also held that the mortgagee could maintain an action on the promise of the defendant, and that the plaintiff, on paying the mortgages, would be entitled to be subrogated to the remedy of the mortgagee against the defendant upon his agreement.

Bingham has assigned his cause of action to the plaintiff; the plaintiff, therefore, stands in his place and stead, and is entitled to the same recovery that Bingham would have been entitled to had he been plaintiff herein.

Again, it is contended on the part of the appellant that the referee adopted a wrong measure of damages. We are, however, inclined to think not. The eighty feet parcel was lost to Bingham by reason of the failure of the defendant to keep his covenant; the loss, therefore, to Bingham was the value of the lot at that time. It is true that in case Bingham had raised the money and paid off the mortgages, he would only have been entitled to recover back the amount of money so paid, and for this reason would not be entitled to recover more than the amount of the mortgages. The amount of the mortgages, however, exceeded the value of the eighty feet parcel, and it does not appear that he was able or could raise the money to satisfy or pay off the mortgages.

Again, it is claimed that the referee erred in rejecting the testimony of Rev. Mr. Sproull and Ezra Taylor. Sproull and Taylor were both sworn as witnesses for the defendant. The testimony excluded called for the declarations of Mr. and Mrs. Wilcox as to the value of the property in the spring of 1879. Evidence was given tending to show that Mr. Wilcox, the husband of Mrs. Wilcox, acted for her as her agent. It is, therefore, quite possible that this evidence would have been competent in case Mrs. Wilcox was the plaintiff herein; she had, however, sold and conveyed this land to Bingham nearly a year before the alleged declarations in reference to its value were made, and which were sought to be proved. It is a familiar principle, too well established to be questioned, that the subsequent declarations of a grantor or

assignor cannot be given in evidence as against his grantee or assignee.

. Again, it is claimed that the referee erred in excluding the offer of the defendant to show that there were taxes upon the premises which Mrs. Wilcox ought to have paid, and that because of her failure to pay the taxes the foreclosure action was brought. No defense of the kind was set up in the answer, and we fail to see how the evidence could have been properly received.

The judgment should be affirmed.

BRADLEY and CHILDS, JJ., concurred.

So ordered.