Davis *et al. v.* Schlemmer, Administrator.

---

### DAVIS ET AL. *v.* SCHLEMMER, ADMINISTRATOR.

[No. 18,492.   Filed May 18, 1898.]

SUBROGATION.—*Not Founded Upon Contract.*—The right of subrogation is not founded upon contract, express or implied, but upon principles of equity and justice.  *p. 478.*

SAME.—*Replevin Bail.— Special Findings.— Injunction.*— Defendant became replevin bail for stay of execution of a judgment at the request of one not a party, but interested in the payment of the judgment, and was compelled by the judgment creditor to pay same; the judgment defendant brought suit to enjoin replevin bail

from collecting the judgment, and for the cancelation thereof. *Held,* that the court erred in rendering judgment granting such relief, where the special findings on which the judgment was rendered did not show that the protection of the property and interests of replevin bail or that of the person who procured such stay of execution did not require the payment thereof. *pp. 473-482.*

From the Montgomery Circuit Court. *Reversed.*

*B. Crane* and *A. B. Anderson,* for appellants.

*E. C. Snyder,* for appellee.

Monks, J.—This action was brought by one Nicholas Schendorf against appellants to have a certain judgment adjudged satisfied, and to enjoin the collection thereof by execution. After the commencement of the action said Schendorf died, and appellee was duly appointed administrator of his estate, and, by order of court, substituted as a plaintiff.

It appears from the special finding of facts that the appellant, John Hitch, on March 9, 1894, recovered a judgment against appellee's decedent and one Margaretta Lutz for two hundred and seventy-seven and 75-100 dollars, and that on April 14, 1894, one Stephen Allen having become interested in the payment of said judgment, he procured the appellant, Caleb Davis, to become replevin bail for the stay of execution on said judgment, which stay of execution was executed and attested in all respects as required by the statute. Afterwards, on September 8, 1894, said John Hitch caused an execution to be issued on said judgment to the sheriff of Montgomery county, against the judgment defendants and said replevin bail, Caleb Davis, and said Davis was compelled to and did pay to said sheriff the full amount of said judgment, principal and interest and costs, which said sheriff indorsed on said execution as a payment thereof in full. The sheriff on the same day paid to John Hitch the full amount of the principal and interest due upon said judgment,

and at the same time said Hitch assigned said judgment to said Caleb Davis, as required by section 612, Burns' R. S. 1894 (603, Horner's R. S. 1897), except that the same was not attested by the clerk. Afterward, said appellant, Caleb Davis, caused an execution to be issued on said judgment "for the use and benefit of Caleb Davis, assignee of said judgment." This is the execution sought to be enjoined in this action. Neither of the judgment defendants procured or requested said Caleb Davis to become replevin bail on said judgment, nor to pay the same after the first execution had been issued thereon.

Upon these facts the court stated as a conclusion of law that appellee was entitled to a decree that said judgment was fully paid and satisfied, and enjoining the appellants from levying said execution upon the property of appellee's decedent.

Section 702, Burns' R. S. 1894 (710, Thornton's R. S. 1897), provides that a person against whom a judgment has been rendered may have stay of execution "by procuring one or more freehold sureties to enter into a recognizance, or acknowledging themselves bail for the defendant for the payment of the judgment," etc.

The legal effect of the entry of replevin bail is that of a judgment confessed. Section 709, Burns' R. S. 1894 (717, Thornton's R. S. 1897); *Reissner* v. *Dessar*, 80 Ind. 307, 314; *Hardenbrook* v. *Sherwood*, 72 Ind. 403; *Baker* v. *Merriam*, 97 Ind. 539.

Section 1228, Burns' R. S. 1894 (1237, Thornton's R. S. 1897), provides that when any replevin bail shall be compelled to pay any judgment, or any part thereof, the judgment shall not be discharged by such payment, but shall remain in force for the use of the bail making such payment, and after the plaintiff is paid, so much of the judgment as remains

unsatisfied may be prosecuted to execution for his use. Under the provisions of said section, when a replevin bail pays the judgment, the same is not thereby satisfied, but when the record shows such payment by him, he is entitled to an execution thereon, the same as a judgment plaintiff, without any order of court therefor. *Dessar* v. *King*, 110 Ind. 69; *Reissner* v. *Dessar, supra*, p. 314; *Wilson* v. *Murray*, 90 Ind. 477.

Even without said section, the payment of a judgment by a replevin bail would not satisfy the same, but such judgment would be kept alive in equity, and the replevin bail would be entitled to be subrogated to all the rights of the judgment plaintiff, and could by a proper suit, obtain an order of court for execution, to his use on said judgment, against the judgment defendants. *Vert* v. *Voss*, 74 Ind. 565, 569; *Gerber* v. *Sharp*, 72 Ind. 553; *Pence* v. *Armstrong*, 95 Ind. 191, 196; *Armstrong* v. *Farmers Nat'l Bank*, 130 Ind. 508, 511; 2 Brandt on Suretyship and Guaranty, section 298; Sheldon on Subrogation, section 1 on p. 2, and section 93 on p. 107. Said statute, therefore, merely re-enacts the equitable rule of subrogation in regard to the effect of payment of judgments by replevin bail, and the other sureties named. The only right given to a replevin bail that did not already exist in equity was to have an execution on such judgment without an order of court or an assignment of the judgment by the owner thereof to such replevin bail.

It is insisted by appellee that such undertaking of bail for the stay of execution is a contract, and that as the judgment defendants did not procure or request the appellant, Caleb Davis, to become replevin bail, no contractual relation was created between the judgment defendants and appellant Davis, and he acquired no rights, as against them, by so becoming replevin bail, and paying said judgment. That Allen,

a stranger to the judgment, having procured him to become replevin bail without authority from the judgment defendants, the execution of such undertaking did not create the relation of principals and surety between said judgment defendants and the replevin bail; that as to them he was a mere volunteer, and could not recover for money paid to their use, because the same was not paid at their request, either express or implied. It is not the law, as insisted by appellant, that a replevin bail cannot collect by execution a judgment which he has paid unless procured to become such by the judgment defendants. It is true, however, that a mere stranger or volunteer who pays a debt cannot recover therefor against the person whose debt is thus paid, nor can he be subrogated to the rights of the creditor to whom the debt is paid. *Reeves, Admr.,* v. *Isenhour,* 59 Ind. 478; *Shirts* v. *Irons,* 28 Ind. 458; *Woodford* v. *Leavenworth,* 14 Ind. 311, 313; *Chrisman* v. *Long,* 1 Ind. 212; *McClure* v. *Andrews,* 68 Ind. 97; *Nash* v. *Taylor,* 83 Ind. 347; *Binford, Admr.,* v. *Adams, Admr.,* 104 Ind. 41; 24 Am. and Eng. Ency. of Law, 281-284; Harris' Law of Subrogation, sections 793, 794; Sheldon on Subrogation, sections 3, 186.

It is said in Sheldon on Subrogation, section 186, "The voluntary payment of the note made by one who is not bound for it and had no interest in discharging it affords no ground for subrogation. But if a stranger has made such a payment without previous authority from the debtor, and before any ratification of the payment by the debtor the creditor and the stranger undo the transaction, and the creditor returns the money to the stranger, it is then too late for the debtor to ratify the payment, and the creditor can enforce the original obligation against him. *Walter* v. *James,* L. R. 6 Exch. 124; *Mechanics' Bank* v. *Seitz,* 30 W. N.

Cas. 261. Such a payment made by a stranger becomes an efficacious payment only when it is ratified or adopted by the debtor. *Edgeworth Co.* v. *Wetherbee,* 72 Mass. 166; *Simpson* v. *Eggington,* 10 Exch. 845;" *Jones* v. *Broadhurst,* 9 C. B. 193, 67 E. C. L. R. 193; *Belshaw* v. *Bush,* 11 C. B. 191, 73 E. C. L. R. 191; *Martin* v. *Quinn,* 37 Cal. 55; *Dodge* v. *Freedman's Savings Co.,* 93 U. S. 379. See, also, 1 Beach on Modern Law of Contracts, sections 366, 369, and cases cited. *Crumlish, Admr.,* v. *Central Impr. Co.,* 38 W. Va. 390, 23 L. R. A. 120, and note, pp. 120-132, 18 S. E. 456, 45 Am. St. 872.

But one who may be compelled to pay a debt, or the protection of whose property or interest demands that he pay it, is not a stranger or mere volunteer. *Binford Admr.,* v. *Adams, Admr., supra,* on p. 42; *Sidener* v. *Pavey,* 77 Ind. 241; *Rardin* v. *Walpole,* 38 Ind. 146; *Bunting* v. *Gilmore,* 124 Ind. 113, 119; *Chaplin* v. *Sullivan,* 128 Ind. 50, 54; *Backer* v. *Pyne,* 130 Ind. 288, 292; *Heritage* v. *Paine,* 2 Ch. Div. 594; *Farmers Bank* v. *Erie R. R. Co.,* 72 N. Y. 188; *Cole* v. *Malcolm,* 66 N. Y. 363; *Ellsworth* v. *Lockwood,* 42 N. Y. 89; *Jacques* v. *Fackney,* 64 Ill. 87; *Cheesebrough* v. *Millard,* 1 John Ch. (N. Y.) 409, 7 Am. Dec. 594; *Mosier's Appeal,* 56 Pa. St. 70, 93 Am. Dec. 783; *Hoover* v. *Epler,* 52 Pa. St. 522; *Cottrell's Appeal,* 23 Pa. St. 294; *Ketchner* v. *Forney,* 29 Pa. St. 47; *Wallace's Appeal,* 5 Pa. St. 103; *Greiner's Estate,* 2 Watts. (Pa.) 414; *Payne* v. *Hathaway,* 3 Vt. 212; 24 Am. and Eng. Ency. of Law, 281, 285-290; Sheldon on Subrogation, section 245; Harris' Law of Subrogation, section 795.

If a person becomes replevin bail without the procurement of the judgment defendants, under such circumstances that when he pays the judgment he would be entitled'in equity to subrogation to the rights of the

owner of the judgment, he is clearly entitled to collect such judgment by execution under the statute.

The right of subrogation is not founded upon contract, express or implied, but upon principles of equity and justice, and is broad enough to include every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, and which in good conscience and equity should have been paid by the latter. *Spaulding* v. *Harvey*, 129 Ind. 106, 109, 13 L. R. A. 619, 28 Am. St. 176; *Huffmond* v. *Bence*, 128 Ind. 131, 137; *Sidener* v. *Pavey*, *supra*; *Gerber* v. *Sharp*, 72 Ind. 553, 556-558; *Rooker* v. *Benson*, 83 Ind. 250, 256; *Kyner* v. *Kyner*, 6 Watts. (Pa.) 221; *Harnsberger* v. *Yancey*, 33 Gratt. (Va.) 527; *Miller* v. *Winchell*, 70 N. Y. 437; *Mathews* v. *Aiken*, 1 N. Y. 595; *Lewis* v. *Palmer*, 28 N. Y. 271; *Stevens* v. *Goodenough*, 26 Vt. 676; *Smith* v. *Foran*, 43 Conn. 244, 21 Am. Rep. 647; *Darst* v. *Thomas*, 87 Ill. 222; *Greenwill* v. *Heritage*, 71 Mo. 459; *Redington* v. *Cornwell*, 90 Cal. 49, 27 Pac. 40; Sheldon on Subrogation, sections 1, 11.

In *Huffmond* v. *Bence*, *supra*, p. 137, this court said: "In *Rooker* v. *Benson*, 83 Ind. 250, it was held that subrogation does not depend on privity or strict suretyship. It is the mode in which equity compels the ultimate discharge of a debt by him who in good conscience ought to pay it, and to relieve him whom none but the creditor could compel to pay it."

In *Reissner* v. *Dessar*, *supra*, a judgment was rendered against four persons, one of whom, named Joseph R. Dessar, was surety, but this fact was not shown by the judgment; Rich, one of the judgment defendants, procured one King to become replevin bail for the stay of execution on said judgment. Afterwards, King, the replevin bail, paid said judgment, interest and cost, and caused an execution to issue thereon. Dessar sued to enjoin the collection of said

execution by sale of his property. This court · held that whether King at the time he replevied the judgment did or did not know that Dessar was surety, it was certain that by his replevying it he did not release Dessar from his liability to pay the judgment, but that the owner of the judgment had a right to collect it from Dessar, notwithstanding King had replevied it, and that it was his duty to exhaust the property of said Dessar before levying upon the property of King, the replevin bail, and that when King paid off the judgment, Dessar could not claim that it was a voluntary payment by a stranger. This court said: "This is not a suit by King to collect money paid for the use and benefit of Dessar, but it is a suit to enforce a statutory remedy to compel Dessar, by execution, to pay a judgment against him and others, which has never been discharged, and for the payment of which he is still liable. King does not come into this case as a volunteer or stranger; he is replevin bail, a party to the record, has been compelled to pay the money, and our statute gives him the right to have this execution. * * * When King replevied the judgment he did so for the benefit of all the judgment defendants, and when he paid the amount to the execution plaintiff, it was a compulsory payment, and he had a right to his statutory remedy of a new execution against each and all of the judgment defendants." The doctrine declared in said case was approved on the second appeal thereof. *Dessar v. King, supra.*

It is clear that a replevin bail may collect by execution a judgment paid by him as such replevin bail in cases when he could not recover a judgment against the judgment defendants in an action for money paid for their use. The rights of appellee, therefore, in this action, do not depend upon his right to collect from the judgment defendants by action the amount paid by him on said judgment.

If the protection of the property or interests of Stephen Allen required that he pay said judgment, and he did so pay it, without any request from the judgment defendants, or if without any request from such judgment defendants he became replevin bail on said judgment and paid the same, under the doctrine declared in the authorities cited, he would be entitled to be subrogated to all the rights of the owner of such judgment, even if he could not recover a personal judgment against said judgment defendants for money paid out to their use. And if, instead of himself paying said judgment, or becoming replevin bail, he procured appellant to become such replevin bail, appellant, under the authorities cited, would be entitled to such subrogation, independent of the statutes authorizing execution to his use, and, under such statutes, he would be entitled to collect said judgment by execution.

The facts stated in the special finding do not show that the protection of the property and interest of Stephen Allen did not require him to pay said judgment, neither do they show that the protection of the property and interest of appellant did not require that he pay said judgment.

It is said in 2 Brandt on Suretyship and Guaranty, section 298, that "A surety who becomes such at the request of the creditor, and without any request from the principal, is, if he pay the debt, entitled to subrogation. 'The right of the surety to demand of the creditor whose debt he has paid, the securities he holds against the principal debtor, and to stand in his shoes, does not depend at all upon any request or contract on the part of the debtor with the surety, but grows rather out of the relations existing between the surety and the creditor, and is founded, not upon any contract, express or implied, but springs from the most obvious

principles of natural justice.' *Mathews* v. *Aiken,* 1
N. Y. 595."

. It would seem, therefore, that if the appellant had
become replevin bail at the request of the owner of the
judgment, or anyone interested in the payment
thereof, that upon payment of the judgment he would
be entitled to subrogation to the rights of the owner
of said judgment in equity, and, under the statute, to
collect the same by execution.

If a person becomes replevin bail under an agree-
ment by which he assumes and agrees to pay the judg-
ment, and the same thereby becomes his own debt, or
if he becomes replevin bail at the request of one not
a party to said judgment who has made an agree-
ment by which the same becomes his debt, in such
case, when such replevin bail pays the judgment, it
would seem that he would not be subrogated to the
rights of the owner of said judgment, but that such
payment would be a satisfaction thereof.

On the other hand, if appellant was a stranger, a
mere volunteer, as insisted by appellee, it is neces-
sary to determine whether the transaction in which
appellant paid the money was intended by him and the
owner of the judgment as a satisfaction thereof, and
this is a question of fact. *Binford, Admr.,* v. *Adams,*
*supra,* pp. 43-46, and cases cited. In determining this
question, the assignment of the judgment to appellant
is to be considered. It has been held that where a
person takes up a claim for which another is liable,
and to which he is a stranger, the transaction will be
deemed a purchase and not a payment, if such was the
intention of the parties, and this will be the rule,
whatever the method of accomplishing the result may
have been. *Swope* v. *Leffingwell,* 72 Mo. 348; *Harbeck*
v. *Vanderbilt,* 20 N. Y. 395; *Dodge* v. *Freedman's Savings
& Trust Co., supra;* 1 Beach on Contracts, section 164.

It was held in *Bishop* v. *Rowe*, 71 Me. 263, that when a third person, a stranger to a note, has given his obligation in writing, in consideration of the discounting of such note, that he will "be holden the same as if he had indorsed the note," that upon payment thereof in pursuance with such obligation he is entitled to the note undischarged, and to maintain an action on the same in his own name. The court said in that case: "He [the person who paid the note] was then no party to the note, nor did he pay it at the request of, or for the benefit of those whose duty it was to pay it. He was a stranger to the note and paid it for no reason except his obligation to the bank, and in pursuance to the writing he had given. * * * The bank was the owner of the note which was payable to bearer and therefore had the same right to sell the note as to discharge it, upon payment by a stranger. * * * Hence, the effect of the payment to the bank depending upon the intention of the parties to it, we are necessarily brought to the conclusion that their purpose was to preserve the note and not to discharge it."

The judgment defendants have never paid said judgment, or any part of it, and the only ground upon which it is sought to enjoin the collection thereof is that the same was satisfied because paid by a mere volunteer.

It follows, from what we have said, and the authorities cited, that the court erred in its conclusion of law.

The facts found are such that we think justice requires that a new trial be granted. The judgment is reversed, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.